In the Matter of the Claim of RAGNHILD HANSEN, Respondent, against TURNER CONSTRUCTION COMPANY et al., Appellants.

STATE INDUSTRIAL COMMISSION, Respondent.

**Workmen's Compensation Law — evidence examined and held insufficient to sustain findings and award of the industrial commission.**

While the Workmen's·Compensation Law should receive a liberal construction, it ought not to be so construed as to take money from one person and give it to another without any legal basis therefor. Upon examination of· the facts in this case, *held*, that there was no evidence to sustain the finding of the industrial commission allowing the claim made by the widow of the deceased and the award made thereon.

*Matter of Hansen* v. *Turner Construction Co.*, 185 App. Div. ——, reversed.

(Argued October 2, 1918; decided October 29, 1918.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered July 5, 1918, affirming an award of the state industrial commission made under the Workmen's Compensation Law.

The facts, so far as material, are stated in the opinion.

*Frederick Hulse* and *Cornelius J. Sullivan, Jr.*, for appellants. There was substantial evidence to overcome the presumption that the claim comes within the provision of the statute. (*Matter of Carroll* v. *Knickerbocker Ice Co.*, 218 N. Y. 435.) There is no evidence to support the findings of fact made by the commission. (*Potts* v. *Pardee*, 220 N. Y. 433; *Matter of Carroll* v. *Knickerbocker Ice Co.*, 218 N. Y. 435.)

*Merton E. Lewis*, Attorney-General (*E. C. Aiken* of counsel), for respondents. The state industrial commission was authorized to find that the deceased employee

suffered a concussion of the brain from an accidental fall and that this concussion was the proximate or contributing cause of his death. (*Milwaukee C. & G. Co.* v. *Industrial Comm.*, 160 Wis. 247; *Deem* v. *Kalamazoo Paper Co.*, 189 Mich. 655.)

McLaughlin, J. The claimant's husband, on the 23d of July, 1917, was in the employ of the Turner Construction Company. While in the cellar of a new building which it was constructing he collapsed and fell. No one saw him fall, but immediately thereafter he was observed by his co-employees, who went to his assistance and found him in an unconscious condition, trembling and frothing at the mouth. They threw water in his face and shortly thereafter he revived and was taken to a hospital, where he died the following morning. A post-mortem examination disclosed that his death was due to a blood clot and pressure upon the brain. His widow and minor dependents presented a claim against his employer on the ground that his death was due to an injury which he received when he fell. The claim was disputed by his employer and the insurance carrier. The industrial commission, after a hearing had, at which evidence was taken, reached the conclusion that the claim should be allowed and accordingly made an award. From this determination an appeal was taken to the Appellate Division, where the same was affirmed, and an appeal then taken to this court.

After a careful consideration of the evidence set out in the record, I have been unable to find *any* evidence that the death of the claimant's husband was due to an injury received while in the employ of the Turner Construction Company. At the time he collapsed he was working on a dirt floor and there is nothing to indicate that his fall was due to anything connected with his

employment; on the contrary, all of the evidence shows that it was due to an injury which he had previously sustained or disease with which he had been afflicted. One of the persons with whom he was working at or immediately prior to the time he collapsed, testified that he stood within a few feet of him and while he did not see him fall, he did immediately thereafter see him lying on the floor; that he went to his assistance and there was nothing to indicate the cause of his fall; that there were no obstructions upon the floor, no pillars or posts near where he fell, or anything to show that the cause of his fall was other than a collapse. The witness was corroborated by another to the effect that he saw the deceased immediately after he fell; that he was then lying on his back, frothing at the mouth, and trembling; that there was nothing to indicate he had tripped or fallen by reason of anything upon the floor, and there were no marks upon his face or head which showed in any way that he had been injured, except a slight scratch upon his cheek.

When he reached the hospital he was immediately put to bed, a careful examination made of his person, and the only evidence of an external injury which could be discovered was an abrasion over his forehead about as big as a quarter of a dollar. There was no evidence of a fracture or concussion of any kind. After his death an autopsy was performed and this disclosed a subdural hemorrhage, which, according to the physician making the autopsy, had existed for some time prior to his collapse; that there was no evidence whatever of traumatism or concussion received at that time, or that his death was in any way caused by an injury then received.

Under such circumstances I do not see how an award could be made. If so, it had for its basis a mere guess or conjecture. The Workmen's Compensation Law should receive a liberal construction, but it ought not to

be so construed as to take money from one person and give it to another without any legal basis therefor. To hold otherwise would be simply to make the employer an insurer of his employee, and this the Legislature has not as yet done.

The order of the Appellate Division should be reversed and the determination of the industrial commission annulled and the claim dismissed, with costs in this court and in the Appellate Division against the industrial commission.

HISCOCK, Ch. J., COLLIN and CRANE, JJ., concur; CHASE, J. concurs in memorandum, as follows: CHASE, J. Although it appears that Hansen on the day of the injury said that he tripped and fell while at his work, it further clearly appears that such statement was a conclusion on his part, as he stated to the physician who attended him at the hospital that he did not know what happened to him. I am of the opinion that there is no evidence to support the findings of the commission on which the award rests. CUDDEBACK and HOGAN, JJ., dissent.

Order reversed, etc.