Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of OSCAR VOGEL, Respondent, for Compensation under the Workmen's Compensation Law, *v.* AMERICAN CHICLE COMPANY, Employer, and AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, March 3, 1920.

**Workmen's Compensation Law — injuries arising out of employment — injury to night watchman while working in elevator shaft — award affirmed.**

In a proceeding under the Workmen's Compensation Law it appeared that the claimant, who was employed as a night watchman by a manufacturer of chewing gum, received a severe blow on the head which rendered him unconscious at a time when he was working at the bottom of an elevator shaft gathering rubbish to light the boiler fires. The claimant was unable to describe the cause of the accident and no one was present when it occurred, but the circumstances were such that he might have easily struck his head against some portion of the building or structures therein, and in the report of the injury the employer treated the occurrence as an accident. *Held*, that the claimant's injuries arose out of his employment and that, therefore, the award should be affirmed.

APPEAL by the defendants, American Chicle Company and another, from an award of the State Industrial Commission, entered in the office of said Commission on the 25th day of July, 1919.

*Jeremiah F. Connor*, for the appellants.

*Charles D. Newton*, Attorney-General [*E. C. Aiken*, *Deputy Attorney-General*, of counsel], for the respondents.

COCHRANE, J.:

The sole argument against this award is that the injuries of the claimant did not arise out of his employment. The employer was a manufacturer of chewing gum and the claimant was a night fireman. He was gathering paper and rubbish from the bottom of an elevator shaft and was depositing the same in a box for the purpose of lighting the boiler fires. He had lifted the box from the floor of the elevator shaft to the floor of the building when he received a severe blow on the head which rendered him unconscious and he has not been able to describe the cause of the accident. We think, however, there is evidence connecting the accident with the employment. No one was present at the time of the occurrence. The claimant had previously been in good health and had experienced no fainting spells. The circumstances are such that he might easily have struck his head against some portion of the building or structures therein. The nature of his injuries indicate that such is the case. He was lacerated on the nose and face and back of the head. Injuries such as he sustained both to the front and back of the head would not ordinarily result if he had merely fallen. If, however, he struck his head against an object with sufficient force to cause him to fall and render him unconscious such injuries might result both from the blow and the fall. Furthermore in its report of the injury the employer treated the occurrence as an accident. It states that an accident happened on the premises and that the claimant was doing his regular work. This constitutes some evidence in his favor.

The award should be affirmed.

Award unanimously affirmed.