Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of CHARLOTTE MINERLY, Respondent, for Compensation under the Workmen's Compensation Law for the Death of Her Son, HENRY MINERLY, *v.* KINGSBURY CONSTRUCTION COMPANY, Employer, and THE TRAVELERS INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, May 5, 1920.

**Workmen's Compensation Law — cause of accident to be proved — drowning of decedent not arising " out of " employment.**

The cause of an accident resulting in the death of an employee for which an award is claimed under the Workmen's Compensation Law cannot be presumed but must be proved.

The decedent, who was working on the bank of a stream, proceeded up the stream a short distance for a purpose incidental to his employment and was later found drowned in about five feet of water at a point where there was no embankment or dock, but it was no part of his employment to enter the water. It was shown that he was subject to fits and when found his body was " all curled up " in about the same condition as it was when he had a fit a short time before. On all the evidence, *held*, that the accident did not arise " out of " the employment.

APPEAL by the defendants, Kingsbury Construction Company and another, from an award of the State Industrial Commission, entered in the office of said Commission on the 24th day of September, 1919.

*Amos H. Stephens* [*E. C. Sherwood* and *William B. Davis* of counsel], for the appellants.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

COCHRANE, J.:

The question in this case is whether the accident arose out of the employment. The deceased employee was engaged with others in leveling a pile of stones which had been thrown up near a river bank by a dredge at Mechanicville, N. Y. While so working he was stricken with a fit, to which malady he was subject. He came out of the fit and resumed his usual work. A short time thereafter he proceeded up the river bank for a purpose incidental to his employment. Not returning, his fellow-employees instituted a search for him and discovered his dead body in the river in a depth of five feet of water. His death was caused by drowning. No feature or incident of his work required him to enter the water at that place. His body when found was " all curled up " in about the same condition as it was when he had the fit shortly before at which time he was also described as " lying all curled up." The place of his death was 100 or 150 feet from where his fellow-employees were engaged in their work. On these facts the Commission by a closely divided vote has found that the accident arose out of the employment.

The cause of the accident cannot be presumed but must be established. (*Matter of Eldridge* v. *Endicott, Johnson & Co.,* 228 N. Y. 21; *Matter of Collins* v. *Brooklyn Union Gas Co.,* 171 App. Div. 381; *White* v. *American Society for Prevention of Cruelty to Animals,* 191 id. 6; *Nestor* v. *Pabst Brewing Co.,* Id. 312; *Matter of Woodruff* v. *Howes Construction Co.,* 228 N. Y. 276.) Even if the presumption of section 21 of the Workmen's Compensation Law should apply the circumstances surrounding the accident would seem to constitute " substantial evidence " sufficient to overcome the presumption. It seems unreasonable to infer that a well and able-bodied man could have drowned under the circumstances here existing. As stated above there was no occasion for the deceased to enter the water. It is not suggested that there was a dock or embankment from which

he could have fallen into water of any considerable depth. An ordinary man would not be submerged in water five feet deep and would experience no difficulty in reaching the shore only a few feet distant. No outcry or alarm was heard by the fellow-workmen of the deceased who were within easy hailing distance. The only reasonable inference is that he was overcome by another attack of his constitutional malady and because thereof fell from the river bank into the water. This theory harmonizes with all the evidence in the case and is the only reasonable explanation of the accident. The case is similar in this respect to *Matter of Hansen* v. *Turner Construction Company* (224 N. Y. 331). If there were other circumstances bearing favorably on the claim it was incumbent on the claimant to prove them. On the evidence produced the accident did not arise "out of" the employment. (See Workmen's Compensation Law, § 10; Id. § 3, subd. 7, as amd. by Laws of 1917, chap. 705.)

The award should be reversed and the claim dismissed.

All concur.

Award reversed and claim dismissed.