Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of HARRY NEUBERGER, Respondent, for Compensation under the Workmen's Compensation Law, *v.* THIRD AVENUE RAILWAY COMPANY, Employer and Self-Insurer, Appellant.

Third Department, July 8, 1920.

**Workmen's Compensation Law — injury to employee by burning hand during spell of dizziness — accident not arising out of employment.**

A person employed as a carpenter who, during his meal hour, was injured by burning his hand on a stove on his employer's premises owing to the fact that he was seized with a spell of dizziness to which malady he had been subject for two years, is not entitled to an award under the Workmen's Compensation Law, for there was nothing in the environment or nature of the work which caused the accident but the claimant's malady overtook him without reference to his employment.

JOHN M. KELLOGG, P. J., and WOODWARD, J., dissent, with opinion.

APPEAL by the defendant, Third Avenue Railway Company, from a decision and award of the State Industrial Commission, made on the 22d day of December, 1919, after reopening the case and taking additional testimony, and also from a decision and award of the said Commission made on the 31st day of July, 1919.

*Alfred T. Davison [John J. O'Connell* and *Alex. R. Jones* of counsel], for the appellant.

*Charles D. Newton, Attorney-General [E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

COCHRANE, J.:

The awards must be reversed because the accident did not arise out of the employment. (Workmen's Compensation Law, § 10; Id. § 3, subd. 7, as amd. by Laws of 1917, chap. 705.) Claimant was a carpenter accustomed to eat his noonday meal

on the premises of the employer.   He had placed his coffee pot on the stove to be heated.   He describes the accident as follows: " Just as the whistle blew I got a dizzy spell and fell over and put my hand on the stove and burnt it."   In previously describing the accident and in answer to a question as to how it happened he said:  " Through dizziness in the head."   The stove is sometimes spoken of as the " glue pot."   Again in describing the accident the claimant said: " I went to get my coffee and I had a spell and I fell in the glue pot.   *   *   * I didn't fall, I put my hand on the glue pot for protection." He further testified that he was subject to these " spells " and had them " once in three months; " that they lasted " a minute, sometimes not even a minute; " that he had been subject to the spells about two years and had been under medical treatment for them about one year; that when he had them he lost control of himself completely; and that it was during one of these spells that his hand went into the " glue pot."   The foregoing is all the testimony in explanation of the accident.

The award was made on the authority of *Santacroce* v. *Sag Harbor Brick Works* (182 App. Div. 442).   In that case the claimant fell from a pile of bricks about fifteen feet high.   He was in good health and was made dizzy and caused to fall because of the elevated position in which he was working.   The nature of the work caused the dizziness. In the instant case there was nothing in the environment or the nature of the work which caused the accident.   The dizziness or " spell " was a characteristic malady inherent in the claimant which overtook him at intervals without reference to his employment.

In *Minerly* v. *Kingsbury Construction Co.* (191 App. Div. 618) the employee was subject to fits.   He was found drowned in the river under circumstances indicating that he must have fallen into the river as a result of his malady.   An award was reversed because the accident did not arise out of the employment.   That case was stronger for the claimant than the present case because there the accident was a matter of inference from circumstances while here the testimony of the claimant makes it plain that the accident was not due to the employment but to his characteristic

malady.    In the light of the *Minerly* case and of the authorities there cited further discussion seems unnecessary.

The awards should be reversed and the claim dismissed.

All concur, except JOHN M. KELLOGG, P. J., dissenting, with a memorandum in which WOODWARD, J., concurs.

JOHN M. KELLOGG, P. J. (dissenting):

We cannot review the decision of the Commission on a question of fact.    The only question for consideration is was there any evidence to sustain the finding, and in determining that question the most favorable view of the claimant's testimony must be taken.    Apparently the " glue pot " is a stove in the carpenter shop upon which the glue pot is heated. The claimant warmed his bottle of coffee in the oven or upon the stove.    At the noon hour he started for the stove to get his bottle of coffee.    Presumably others made a similar use of the stove.

He never had fits but, as he calls it, he had spells of weakness or dizziness.    He had never fallen in one of them; they lasted sometimes only a second, as he says " a slight snap of your finger," but at times continued for a minute — perhaps two minutes.    The company had full knowledge that he had these spells, and employed him with that knowledge, and permitted him to use the glue pot or the stove for heating his coffee.    At the time he burned his hand he did not fall, but feeling his spell coming on, he reached out his hand to the nearest object for protection, with the result that it was burned upon the glue pot.    The accident came from the fact that a man, subject to these weaknesses, was permitted by the company to heat his coffee at the glue pot and that no other place was furnished for that purpose.    I think within the spirit of the Workmen's Compensation Law the award should stand.

WOODWARD, J., concurs.

Awards reversed and claim dismissed.