Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of ESTHER JOSEPH and Others, Respondents, for Compensation under the Workmen's Compensation Law, for the Death of MATTHEW JOSEPH, *v.* UNITED KIMONO COMPANY, Employer, and ZURICH GENERAL ACCIDENT AND LIABILITY INSURANCE COMPANY, LTD., Insurance Carrier, Appellants.

Third Department, January 5, 1921.

**Workmen's Compensation Law — occurrence of accident cannot be presumed — decedent's fall from window not shown to have been accidental — accident not arising from any cause connected with employment.**

The occurrence of accidents causing compensable injuries may never be presumed, but must always be proven.

No inference of facts can justly be made that the accident which resulted in decedent's death arose from any cause connected with his employment where it appears that the decedent was employed as foreman on the ninth floor of a factory building; that he had been suffering from a headache and went into an adjoining room holding his hand to his head and a few moments later his body was found on the sidewalk in front of the building; that in said adjoining room there was a single window seven feet high by four feet wide and the window sill was three feet wide and stood two feet six inches above the floor and in close proximity to it and running along its entire width was a radiator which was two feet high and eight inches wide.

The finding of the Commission, if supported by the evidence, that the deceased fell through the window in an attack of vertigo or faint could not support an award, for the vertigo or fainting were in no wise caused by the employment.

JOHN M. KELLOGG, P. J., and WOODWARD, J., dissent, in memorandum.

APPEAL by the defendants, United Kimono Company and another, from an award and order of the State Industrial Commission entered in the New York office of said Commission on the 11th day of May, 1920.

*Philip J. O'Brien* [*John N. Carlisle* of counsel], for the appellants.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

H. T. KELLOGG, J.:

The work of the deceased employee was performed upon the ninth floor of a factory building. He was engaged·as a foreman in working upon a machine and in handing out work to the women there employed. On the morning of the day of the accident, he complained frequently of pains in his head. He, nevertheless, continued at work until the early part of the afternoon. At this time one of the factory hands saw him leave the room where he worked and go into an adjoining room, holding his hand to his head as he went. This room was used for showing the factory product, and was empty at the time. It was lighted by a single window seven feet high by four feet wide, which was usually kept closed. The window sill was three feet wide, and stood two feet six inches above the floor. In close proximity to it and running along its entire width was a radiator which was two feet high and eight inches wide. The deceased had frequently been seen eating his lunch sitting on the sill of the window. Within about five minutes of his leaving the work room one of his employers, observing that the women in a factory on the opposite side of the street were at its windows screaming out excitedly, looked down upon the street and saw the body of the deceased lying on the sidewalk directly below the show room window. One of the partners then rushed through the factory crying out that the deceased had " jumped out," or " must have jumped out " the window. The deceased when picked up was found still to be alive, but died within a few minutes. After hearing the proof upon the claim filed for his death the Industrial Commission made an award, finding, among other things, that the deceased " was afflicted either with vertigo or fainting, and as a result he fell from the window to the street, and received injuries as a result thereof, from which he died about one hour later."

It having become firmly established that the occurrence of accidents causing compensable injuries may never be presumed, but must always be proven, the sole question here arising is whether the known facts of the case permitted the inference drawn by the Commission that the deceased came to his death from an accident attributable to his employment. The distance from the floor to the top of the radiator and across the window sill to its outer edge was at least six feet and two

inches, so that it is apparent that the deceased could not, while standing on the floor and leaning out the window for the fresh air, accidentally have fallen through the opening. It might be reasoned that the deceased, in a crazed condition caused by the pains in his head, had rushed to the window and thrown himself therefrom. If this were the fact then either the deceased consciously intended to commit suicide, or, if temporarily insane, was impelled to throw himself from the window by causes not attributable to his employment, so that in neither case could there be a recovery. It might be thought that the deceased stepped upon the sill to open the window, and, having raised it, fell down and rolled out through the opening over the ledge. It might be thought that the deceased, having opened the window, sat down upon the sill to rest and voluntarily or involuntarily so moved that his body went over the edge. The difficulty with either set of facts which might thus be surmised to have occurred is that they leave unanswered the vital question: Did the deceased fall down or roll off or move off the window ledge accidentally, or by reason of an attack of vertigo or fainting? The Industrial Commission has found that the latter was the case, but, since the vertigo or fainting were in no wise caused by the employment, that answer to the question would be destructive of the claim. (*Minerly* v. *Kingsbury Construction Co.,* 191 App. Div. 618; *Neuberger* v. *Third Avenue R. Co.,* 192 id. 781.) The alternative answer that the deceased accidentally fell or rolled off without having been affected by vertigo or fainting cannot be made because the facts do not give rise to that inference with any greater certainty than to the inference drawn by the Commission, and it is a well-settled principle that of two equally probable inferences a trier of fact may not employ that which spells liability in preference to that which proves its opposite. It seems to me that from this meagre proof no inference of fact can justly be made that the accident which occurred to the deceased arose from any cause connected with his employment, and, therefore, that the claim must fail.

The award should be reversed and the claim dismissed.

All concur, except JOHN M. KELLOGG, P. J., dissenting, with a memorandum, in which WOODWARD, J., concurs.

JOHN M. KELLOGG, P. J. (dissenting):

On the authority of *Santacroce* v. *Sag Harbor Brick Works* (182 App. Div. 442); *Lindquest* v. *Holler* (178 id. 317); *Driscoll* v. *Gillen & Sons Lighterage, Inc.* (187 id. 908; 226 N. Y. 568); *Vogel* v. *American Chicle Co.* (190 App. Div. 797) and *Chludzinski* v. *Standard Oil Co.* (176 id. 87) I dissent. It is not probable that the deceased intended to commit suicide. There is no suggestion that he was crazy. He was upon the ninth floor of a building and evidently went to the window for fresh air to relieve his headache. He frequently sat in the window for luncheon and the air. He may have been careless, but the Commission was justified in finding that the death was accidental. We cannot review the question of fact.

In construing this remedial statute, where all reasonable intendments are in favor of the employee, I fear we are leaning backwards and adopting a more stringent rule than would prevail in an ordinary action of negligence. In death cases, where there is no eye witness to the accident, it is impossible to prove the exact condition; inferences may play a controlling part, and slight inferences create a question of fact upon which a judgment may well stand. (*Noble* v. *N. Y. C. & H. R. R. R. Co.*, 20 App. Div. 40; 161 N. Y. 620; *Fordham* v. *Gouverneur Village*, 160 id. 541.) This rule is upon the theory that the deceased cannot speak but that if he could speak he probably would be able to give a good account of himself. (*Mullen* v. *Schenectady R. Co.*, 214 N. Y. 300, 305, and cases there cited.)

In *Santacroce* v. *Sag Harbor Brick Works* (*supra*) an employee was working upon a pile of brick about fifteen feet above the ground and was seized with an attack of vertigo, or with some similar disorder, which caused him to fall to the frozen ground. It was held that the evidence justified the conclusion that he became dizzy and fell, and the award was affirmed by us unanimously.

In *Driscoll* v. *Gillen & Sons Lighterage, Inc.* (*supra*) an award for death benefits was sustained where the captain of a lighter was last seen on December thirty-first, at six o'clock P. M., going towards his boat. His dead body was found in the water near the boat on May second.

In a common-law action the plaintiff can recover only

upon a preponderance of evidence and the Appellate Division, upon reviewing his judgment, may reweigh the evidence and if it is satisfied that there is not a fair preponderance may reverse it. In compensation appeals we are denied that privilege. So far as the facts are concerned, we can only inquire whether there is any fact proved which in itself, or from reasonable inferences from it, tends to support the finding. If there is no fact or inference which justifies the finding, it is erroneous as matter of law and we may reverse it. Here, at the worst, some facts and some inferences from them indicate an accidental death as found. It was claimed before the Commission that some other facts and some other inferences lead in the opposite direction, but we cannot enter upon that situation. Our power ceases when we discover that there are some facts and some inferences which tend to support the award. In a conflict as to the facts and the inferences to be drawn, the Commission has a certain benefit from the presumption raised by section 21 of the Workmen's Compensation Law. I favor an affirmance.

WOODWARD, J., concurs.

Award reversed and claim dismissed.