Before STATE INDUSTRIAL BOARD, Respondent.

In the Matter of the Claim of THOMAS KELLY, Respondent, for Compensation under the Workmen's Compensation Law, *v.* J. W. T. NICHOLS, Employer, and EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LTD., Insurance Carrier, Appellants.

Third Department, December 28, 1921.

Workmen's Compensation Law — injury not arising out of and in course of employment — elevator operator injured by fall caused by attack of epilepsy or apoplexy — accidental injury not presumed.

The claimant, an elevator operator, did not receive an injury arising out of and in the course of his employment, where it appears that as he started the elevator down from the sixth floor of the building, he lost consciousness; that when found his body was partially in the elevator and partially out through open doors in the elevator shaft in the basement; that the elevator and its equipment were intact in every particular and apparently in perfect working order; that there was no evidence that he struck his head against anything in the elevator or that anything fell upon him; that when examined at the hospital he had a very high blood pressure; that the testimony of physicians was to the effect that the claimant either suffered a stroke of apoplexy or a fit of epilepsy at the moment he pulled the elevator cable, and that there was no other evidence as to what caused claimant's injuries.

The claimant is entitled to no statutory presumption to establish an accidental injury.

JOHN M. KELLOGG, P. J., and WOODWARD, J., dissent.

APPEAL by the defendants, J. W. T. Nichols and another, from an award of the State Industrial Board, entered in the office of said Board on or about the 14th day of April, 1921.

*Bertrand L. Pettigrew [Walter L. Glenney* of counsel], for the appellants.

*Charles D. Newton, Attorney-General [E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

H. T. KELLOGG, J.:

The claimant was employed to operate a freight elevator in the plant of his employer. The motive power was elec-

tricity, and the elevator was started and stopped by pulling up or pulling down upon a cable extending through it. It was a slow speed elevator and started only with a gradual motion. At each of the six floors which it served there were double doors opening outward from the elevator shaft, and a mechanical device made it impossible to start the elevator if the doors were open. Moreover, the opening of the doors operated through this device automatically to stop the elevator if it were in motion. Upon the day when it is claimed the accident occurred the claimant had taken the elevator to the sixth floor, and there, with the doors of the shaft open, talked with an acquaintance for a brief period. Thereafter he closed the doors and pulled up on the cable to start the elevator downward. No one knows what then occurred, for the claimant simultaneously lost consciousness. He came to his senses at the hospital some hours later, but was unable then or thereafter to recall anything which occurred after he had pulled up on the cable. Shortly after the occurrence, the elevator was discovered at a point in its shaft about three feet up from the basement floor. The shaft doors were open and the claimant's head and a portion of his body extended outwardly from the opening. The elevator and its equipment were intact in every particular. It was operated immediately after the occurrence, and for many months thereafter and was then and has ever since been in perfect working order. There was no evidence to indicate that the claimant accidentally struck his head against any projecting object in the elevator, or that any object had fallen upon his head, or that his body had come in contact with any metal carrying an electric current. The claimant was sixty-nine years of age. When examined at the hospital he was found to have a blood pressure of two hundred and to be suffering from arterio sclerosis. One of the physicians testified at the hearing that in his opinion the claimant sustained an apoplectic stroke at the moment he pulled on the elevator cable. Another physician expressed the opinion that he suffered from a fit of epilepsy. No physician or layman gave testimony in support of any other theory. It is the only possible inference from the proof that the claimant fell and sustained bruises as a result of an attack either of apoplexy or epilepsy. It is a reasonable inference, also, that

the car stopped because the claimant in falling struck the shaft doors and thereby caused them to open. The claimant is entitled to no statutory presumption to gain his case, not only because such a presumption will not prove an accidental injury (*Joseph* v. *United Kimono Co.*, 194 App. Div. 568), but because the just inferences of fact conclusively establish that his injuries did not arise out of his employment. I favor reversal and dismissal.

VAN KIRK and COCHRANE, JJ., concur; JOHN M. KELLOGG, P. J., and WOODWARD, J., dissent.

Award reversed and claim dismissed.