# BALTIMORE CITY COURT.

Filed January 30, 1924.

EDITH S. MEALEY
VS.
STANDARD OIL COMPANY.

*J. Paul Schmidt* for plaintiff.
*Edward F. Johnson* for defendant.

FRANK, J.—

The award of the State Industrial Accident Commission from which the present appeal was taken, was made in favor of the claimant as a result of the death of her husband, Arthur B. Mealey. The deceased was employed by the Oil Company as a driver of an oil wagon from which he peddled kerosene in cans. He died on March 4, 1923, of what the doctors designated as lymphatic sarcoma of the spleen. This might or might not have been caused by a blow. It might or might not have been the result of an accidental injury. No one could tell about this. The medical testimony is uniform on this point.

There is no direct testimony of any accidental injury arising out of or in the course of his employment by the oil company. All the testimony relied on to establish this jurisdictional fact is hearsay, consisting of statements alleged to have been made by the deceased to his wife and to the doctors at such times and under such circumstances as that it is conceded that they are clearly hearsay and not admis-

sible in evidence under the well-established rules as part of the *res gestae* or spontaneous declarations. There is, however, ample direct uncontradicted testimony of a physical condition that might well have been the result of the accidental injury described in the hearsay testimony. To this extent the hearsay testimony is corroborated.

The question, therefore, is sharply presented as to whether such declarations are sufficient to sustain the award of the Commission here appealed from. By virtue of the provisions of Section 10 of the Workmen's Compensation Act, it is clearly competent for the Commission to admit in evidence testimony that is hearsay. Where, however, as here, there is nothing in the case but hearsay, corroborated only to the extent above indicated, can the award be permitted to stand?

Eminent authorities upon the law of evidence have pointed out that the Hearsay Rule, as well as other rules of exclusion, grew out of the exigencies of jury trials, as a means of judicial oversight and control the action of the jury. It is, therefore, argued and with much force, that these rules should not apply in administrative proceedings.

1 Wigmore on Evidence (2d Ed.), pp. 21, etc.; XXXVI Harvard Law Review, pp. 79, etc.

If the findings of fact of such an administrative Commission as our State Industrial Commission were final, at least to the extent that they could not be reviewed by a jury, I should concur in the view thus contended for.

In this State, however, the findings of fact made by the Commission are subject to review by a jury, at the instance of either party (Workmen's Compensation Act, Section 56). Indeed, the constitutionality of this Act is dependent upon the existence of this right to a jury trial.

Solvuca vs. Ryan & Reilly Co., 131 Md. 265, 281, etc.

The reason, therefore, for the complete abrogation of the common law rules as to exclusion of hearsay cannot be said to prevail in the case of appeals from the Commission. I am, however, of the opinion that it is admissible in evidence for the reasons herein stated.

In several jurisdictions, it has been held that an award made by the Com-

mission cannot be sustained if based on hearsay evidence uncorroborated by facts, circumstances or other evidence, although the hearsay must be regarded as properly in evidence. In the leading New York case of Carroll vs. Knickerbocker Ice Co., 218 N. Y. 435, not only were there no corroborative facts or circumstances, but there was strong legal countervailing evidence tending to show that the injury had not arisen out of or in the course of the employment. Even this was held by a sharply divided court, and the New York Court of Appeals is still not a unit even upon this proposition.

See Belcher vs. Carthage Machine Co., 224 N. Y. 326; Hansen vs. Construction Co., 224 N. Y. 331 et seq.; Treasurer vs. Trucking Co., 233 N. Y. 202.

A similar rule was laid down in: Riley vs. Steel Co., 276 Pa. 82; Englebretson vs. Commission, 170 Cal. 793; Corporation vs. Commission, 170 Cal. 800, and Reck vs. Whittlesberger, 181 Mich. 463.

The effect of all these cases is that slight corroborative testimony or admissions by the employer will suffice to sustain the award. Thus, the mere fact that the employer reported the injury to the Commission is held to amount to an admission that the injury came within the law and to justify the award of the Commission.

In the case now under consideration it might fairly be argued that the existence of physical indications of such an injury as might reasonably have been the result of the accident described in the hearsay testimony might be considered such corroboration. The determination of this case need not, however, be based on such an indecisive contention.

The award of the State Industrial Accident Commission is presumed to be correct.

Code, Art. 101, Sec. 56.

What is the effect of this presumption? Generally it means that upon an appeal from an award in favor of the claimant, the case cannot be withdrawn from the jury but that this presumption requires the submission of the case to the jury. In Harrison vs. Central Const. Co., 135 Md. 170 at page 180, the Court of Appeals says that "The question of whether an injury arose out of or in the course of

the employment is ordinarily, like negligence or want of probable cause, a mixed question of law and fact; *but when the facts have been ascertained and agreed upon by the parties, or are undisputed, and there is no dispute as to the inferences to be drawn from the facts, the question becomes one of law and may be decided by the Court.*" (Italics mine).

This language is relied upon by the employer in this case as requiring the Court to instruct the jury that there is no legally sufficient evidence to support the Commission's award and that, therefore, as a matter of law, the jury must find that deceased's death did not result from an accidental injury arising out of, and in the course, of his employment. In this case, however, the facts are violently disputed and the employer's contention is that there is no legal evidence that decedent's death was so caused. According to this contention, the case stands on appeal as though there were no evidence to show how decedent was injured and the real question is, assuming that there was no evidence to support the Commission's award in favor of the claimant: Does the presumption of the correctness of the award carry the case to the jury and in the absence of any testimony on the part of the employer, as in this case, can the jury find the facts that will sustain the Commission's award?

In Stewart & Co. vs. Howell, 136 Md. 423, 433, the Court said, "as we understand Section 56 of the Workmen's Compensation Law (Code, Art. 101, Sec. 56), it does not mean that there must be additional testimony offered on appeal from the Commission; or even that as much testimony need be offered by the party taking the appeal as he produced before the Commission in order to discharge the burden put upon him by that section. But it simply puts the burden of proof upon the party taking the appeal, whether he be plaintiff or defendant. In other words, it establishes no new rule when the plaintiff happens to be the party appealing, as the burden was always upon the plaintiff to prove his case. But it shifts the burden from the plaintiff to the defendant where the defendant loses before the Commission and desires to appeal from its decision, *requiring the defendant in such a case to satisfy the jury by a preponderance of testimony that the plaintiff is not entitled to the award made by the Commission.*" (Italics mine).

In the case at bar, the facts bearing upon the jurisdictional question of whether the injury to the decedent arose out of and in the course of his employment are not undisputed as in the Harrison case, but are bitterly contested. Inasmuch as the presumption of correctness of the Commission's opinion that the questions of fact involved must be submitted to the jury and that the employer's prayer requiring the withdrawal of these questions from the jury must be refused.