In the Matter of the Claim of MARY MAUSERT against ALBANY BUILDERS SUPPLY COMPANY et al., Respondents.

STATE INDUSTRIAL BOARD, Appellant.

22

(Argued November 20, 1928; decided December 31, 1928.)

*Albert Ottinger, Attorney-General* (*E. C. Aiken* of counsel), for appellant. The accident arose out of and in the course of employment. (*Santacroce* v. *Sag Harbor Brick Works*, 182 App. Div. 442; *Barath* v. *Arnold Paint Co.*, 238 N. Y. 625; *Wright & Greig, Ltd.*, v. *McKendry*, 11 B. W. C. C. 402; *Wicks* v. *Dowell & Co.*, 7 W. C. C. 14; *Fennah* v. *Midland & Great Western Railway*, 4 B. W. C. C. 440; *Swansea Vale* v. *Rice*, 4 B. W. C. C. 298; *Carroll* v. *What Cheer Stables Co.*, 96 Atl. Rep. 208; *Dow's Case*, 121 N. E. Rep. 19; *Board of Commissioners* v. *Shertzer*, 127 N. E. Rep. 843.)

*Jeremiah F. Connor* for respondents. There is no evidence to establish that the deceased was injured in an accident which arose out of his employment. (*Daly* v. *United States Trucking Corp.*, 221 App. Div. 808; 248 N. Y. 515; *Matter of Hansen* v. *Turner Construction Co.*, 224 N. Y. 331; *Matter of Collins* v. *Brooklyn Union Gas*

*Co.*, 171 App. Div. 381; *Minerly* v. *Kingsbury Construction Co.*, 191 App. Div. 618; *Neuberger* v. *Third Avenue Railway Co.*, 192 App. Div. 781; *Joseph* v. *United Kimono Co.*, 194 App. Div. 568; *Matter of Eldridge* v. *Endicott-Johnson & Co.*, 228 N. Y. 21; *Russo* v. *Jarvis Stores, Inc.*, 193 App. Div. 587.)

O'BRIEN, J. This is the question certified: " Was there any evidence in the record upon which the State Industrial Board could make a finding of fact that the injury resulting in the death of William Mausert was an accidental injury and arose out of and in the course of his employment? "

William Mausert was employed as a teamster by the Albany Builders Supply Company. While driving his horses at a walk over smooth pavement, he fell from his seat and two wheels passed over his body. Within three hours he died. There is no evidence that his fall was intentional and the carrier at the hearing expressly disclaimed an attempt to prove intoxication. Although the report of our decision in *Matter of Daly* v. *U. S. Trucking Corp.* (248 N. Y. 515), upon which respondent relies, states no reason for affirmance, the fact is that we placed that decision upon the ground that no inference could fairly be drawn from the evidence except the conclusion that the injury resulted solely from intoxication. Here nothing indicates that Mausert may not have been sleepy or awkward or stupidly negligent. The statute does not bar recovery on account of such conduct. It excludes compensation for injuries due only to intention or intoxication. The Industrial Board made no finding in respect to the cause of the fall and the Appellate Division was of the opinion, as we are, that the cause is entirely unexplained. All we know is that death resulted from a fall followed by the imposition of the wagon's weight and that these events occurred while the victim was in the course of his employment. · The evidence

proves that the injury could have happened only to one who, falling from a wagon seat, was run over. The driver's position from which he fell was due entirely to his employment and, accordingly, the accidental injury arose out of his employment. There is no proof of illness preceding the accident, but in view of respondent's suggestion in its brief that the explanation for the fall is illness and in view of the discussion in the briefs of both parties and in the Appellate Division's opinion concerning decisions relating to injury following a fall caused by disease unrelated to the employment, we may properly take this opportunity to reaffirm the doctrine announced in *Matter of Barath* v. *Arnold Paint Co.* (238 N. Y. 625).

The revised finding by the State Industrial Commission in *Matter of Barath*, after that case had been remitted to it by the Appellate Division on the first appeal, is: " He was employed on a scaffold raised above the common level and was subjected, therefore, to a hazard greater than the average person; that while so employed *he sustained an apoplectic stroke* and fell from such scaffold, striking his head and thereby sustaining a fracture of the skull; and as a result of the injuries thus sustained he died on September 6, 1916. The injuries which resulted in the death of Michael Barath were accidental injuries, and arose out of and in the course of his employment." The Attorney-General's brief presented to this court on that appeal argued that the injuries came from an accident which arose out of and in the course of his employment and cited *Wright & Greig, Ltd.*, v. *McKendry* (11 B. W. C. C. 402); *Wicks* v. *Dowell & Co.* (7 W. C. C. 14); *Fennah* v. *Midland & G. W. Ry.* (4 B. W. C. C. 440); *Swansea Vale* v. *Rice* (4 B. W. C. C. 298); *Carroll* v. *What Cheer Stables Co.* (38 R. I. 421); *Dow's Case* (231 Mass. 348) and *Board of Commissioners* v. *Shertzer* (73 Ind. App. 589) in support of his contention. With those findings of fact and those arguments before

this court, the award by the Industrial Commission and the order of the Appellate Division were unanimously affirmed here. The decision in the *Barath* case is the accepted doctrine of this court and of the highest courts of many other States in this country and of the English courts. We adhere to it not merely as a precedent but as a decision founded upon logic and justice. The question in the *Barath* case and in the case at bar as well as in all the others cited demands an answer respecting the immediate, proximate cause of the injury. An apoplectic stroke or vertigo may be the proximate cause of the fall but it is surely a remote cause of the injury. An illness sufficiently arresting to cause the patient to fall may prove entirely devoid of any result. The sick man may drop upon a bed or a soft rug and suffer no injury. Barath fell from a scaffold and fractured his skull; Mausert fell under wagon wheels and was crushed. A physical seizure unrelated to the employment is not such an accident as is compensable. (*Matter of Hansen* v. *Turner Const. Co.*, 224 N. Y. 331.) It is the fall and the injury resulting from it that constitutes an accident within the purview of the statute. The cause may be disregarded and the inquiry limited to an investigation to disclose whether the fall, having occurred, bore with it such consequences as would not have occurred except for the employment. A teamster, suffering from heart disease may sink upon a quantity of straw in the stable. He may be temporarily dazed and immediately recover or he may die from cardiac syncope. Unless his disease was caused by his employment, his death does not arise out of his employment. Another teamster, suffering from the same disease in a form not sufficiently severe to cause him to do more than to slide from his seat to the pavement, breaks his bones or is killed. Then his injury arises out of his employment. If he had not been driving his wagon and fallen to the street he would not have been hurt.

The order of the Appellate Division should be reversed, the award of the State Industrial Board reinstated, with costs in this court and in the Appellate Division and the question certified answered in the affirmative.

KELLOGG, J. (dissenting). An injury which does not proceed from an occurrence, a happening, an event, cannot be an accidental injury which is compensable. Thus, a felon which arises from a continued use of a mechanical tool is not a compensable injury. (*Matter of Woodruff* v. *Howes Construction Co.*, 228 N. Y. 276, 278.) This holding was made because the " testimony was insufficient to show that the injury was caused by accident." Again, a gangrenous condition of a finger, caused by continued dipping of the member in a poisonous solution, is not compensable. (*Matter of Jeffreyes* v. *Sager Co.*, 198 App. Div. 446; affd., on opinion below, 233 N. Y. 535.) . This holding was made because " the injuries resulted from no occurrence which is referable to any particular moment of time which is definite." A " beat hand," a miner's injury, caused by continued friction, is not compensable because not the result of an accident. (*Marshall* v. *East Holywell Coal Co., Ltd.*, 7 W. C. C. 19.) If it were not necessary that an injury should proceed from an accident every ailment acquired from a fellow-workman through contagion, every occupational disease, would constitute a compensable " injury." Concededly such is not the case. An " injury " is " an *infliction* not an *affliction*." (*Christian* v. *State Conservation Commission*, 191 App. Div. 635 at p. 638.) Lead poisoning, due to a gradual process, is not compensable. (*Steel* v. *Cammell, Laird & Co., Ltd.*, 7 W. C. C. 9.) The court so held because of the absence of an accident. That there must be a precedent accident was held to be requisite, because the statute (60 & 61 Vict. chap. 37, sec. 2) required that a " notice of accident " be given. Our law requires that a " notice of *injury* " be given. (Workmen's Compensation Law,

sec. 18.) However, the same section provides that the giving of the notice may be excused where agents of the employer "in charge of the business in the place where the *accident* occurred or having immediate supervision of the employee to whom the *accident* happened, had knowledge of the *accident*." Clearly the Legislature, which so provided, considered that, in order that an injury may be compensable, there must have been a precedent accident. If an injury must proceed from an accident then clearly the accident must be caused by the employment, otherwise there is no accidental injury "arising out of and in the course of the employment." For illustration, suppose two employees, A and B, are at work upon an iron girder swinging in the air thirty stories high. A attacks B, who replies with a blow which knocks A from the girder. A falls to the pavement and is killed. Or, suppose that a sailor, working near the rail of a ship, is attacked by an acquaintance, animated, as in *Matter of Scholtzhauer* v. *C. & L. Lunch Co.* (233 N. Y. 12), by a motive of personal enmity or spite, and as a result of the attack tumbles over the rail into the sea and is drowned. Every one would say that in neither of these cases would death benefits be recoverable by the dependents of the man killed. In each, although the place of work, prescribed by the employment, contributed to the result, so that death rather than a bare injury resulted, nevertheless the accident of falling was caused by a blow and that blow in turn arose through a quarrel wholly disconnected with the employment. So here, death resulted from the fact that the truckman so fell that a wheel of the truck ran over his body. In a sense, the position which his employment required him to occupy contributed to accomplish a result which might not otherwise have followed. Nevertheless, the fall was an accident not shown to have been caused by the employment. Thus, we have a death resulting from an employment, due to an accident not arising out of the

employment, and, therefore, not compensable. The case of *Matter of Barath* v. *Arnold Paint Co.* (238 N. Y. 625), referred to by Judge O'BRIEN, no doubt supports his conclusions. However, no opinion was written in that case by this court, the Appellate Division (190 App. Div. 886), or the Industrial Board. It was decided in the Appellate Division in the year 1919. In the following year the Appellate Division decided the case of *Matter of Minerly* v. *Kingsbury Construction Co.* (191 App. Div. 618). There an employee who was required to work near a river bank, was stricken with a fit, fell into the river and was drowned. It was held that death benefits were not recoverable since the accident did not arise out of the employment. This case was followed in *Matter of Neuberger* v. *Third Ave. Railway Co.* (192 App. Div. 781); *Matter of Joseph* v. *United Kimono Co.* (194 App. Div. 568), and *Matter of Kelly* v. *Nichols* (199 App. Div. 870). None of these cases was ever brought to this court by the Attorney-General. In none of them was the case of *Matter of Barath* v. *Arnold Paint Co.* referred to or followed. Thus, for nearly a decade the rule of the *Minerly* case has been consistently applied in the administration of the Workmen's Compensation Law. During that period of time the *Barath* case has never been cited or applied. That the rule of the *Minerly* case has long been the accepted rule for the administration of the Workmen's Compensation Law is shown by a statement contained in a pamphlet circulated by the authority of the Industrial Commissioner himself. The statement reads: "An accidental injury due to disease is not compensable, as when sickness, other than dizziness due to height, causes an employee to fall from a scaffold, against moving machinery or a hot stove, or into water." (Workmen's Compensation Law, issued under the direction of James A. Hamilton, Industrial Commissioner, year 1928, p. 17.) The Appellate Division cases above referred to are cited in support of the rule stated, whereas no citation of the *Barath* case is made. It would

seem, therefore, that the principle of *stare decisis*, far from requiring the enforcement of the rule of the *Barath* case, in fact would call for enforcement of a rule which is the very antithesis of that rule. In view of the fact that the rule of the *Minerly* case is better grounded, in point both of reason and authority, I think it should now be given effect. I favor an affirmance.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS and LEHMAN, JJ., concur with O'BRIEN, J.; KELLOGG, J., dissents in opinion.

Ordered accordingly.