In the Matter of the Claim of CATHERINE CONNELLY, Respondent, against SAMARITAN HOSPITAL and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.

Third Department, November 25, 1931.

*Nadal, Jones & Mowton* [*Edward P. Mowton* of counsel], for the appellants.

*John J. Bennett, Jr., Attorney-General* [*Joseph A. McLaughlin, Assistant Attorney-General,* and *Harry Bragg* of counsel], for the respondents.

PER CURIAM. Claimant was an "ironer" working for the Samaritan Hospital. The employer's report states that she "was injured in regular occupation. * * * Was sick and fell forward striking her mouth against a table and then fell to the floor." In her "Claim for compensation" she states: "False teeth broken and was caused by my becoming dizzy and falling against edge of table." It is found, without stating any cause for the fall, that "while walking across the laundry floor, she fell and in falling struck a table and then the ground, causing her to injure her larynx."

She testifies, " I don't know whether I slipped or fainted, but I fell and struck my neck on the table."

In *Matter of Mausert* v. *Albany Builders' Supply Co.* (250 N. Y. 21) the employee fell from a wagon seat and was run over. No cause of the fall was shown. In the opinion it is said: " It is the fall and the injury resulting from it that constitutes an accident within the purview of the statute. The cause may be disregarded and the inquiry limited to an investigation to disclose whether the fall, having occurred, bore with it such consequences as would not have occurred except for the employment." In *Matter of Andrews* v. *L. & S. Amusement Corp.* (253 N. Y. 97) the injured employee, while in the course of his employment, had an epileptic fit and fell striking his head on a concrete sidewalk. It was held that his injuries did not arise out of the employment. The *Mausert* case is distinguished. It was said: " The epileptic seizure caused him to fall to the sidewalk, striking his head and fracturing the skull. Where was there any added risk due to the employment? The same result might have followed if he had been coming to or going from his employment, or even in his own house, if he had fallen and struck his head on a chair, table or other hard substance. * * * Had Andrews fallen from a ladder, from a scaffold, from a stairway or down a hole, the chances of injury would have been increased. If there had been an accident causing his fall, we would have another element in the case." No accident caused the fall in the instant case.

We conclude that we should follow the *Andrews* case. In that case the concrete sidewalk occasioned no added risk due to the employment. We think that in the instant case the table occasioned no added risk. The same result might have followed had she fallen in her home and struck her head on a table. The injuries did not arise out of the employment.

The award should be reversed and the claim dismissed, with costs against the State Industrial Board.

All concur, except HILL and RHODES, JJ., who dissent and vote to affirm award, with separate memoranda.

HILL, J. (dissenting). I dissent and vote to affirm the award upon the ground that the table in the employer's plant, against which the claimant struck in falling, increased the chances of injury from the fall. (*Matter of Mausert* v. *Albany Builders' Supply Co.*, 250 N. Y. 21; also *Matter of Andrews* v. *L. & S. Amusement Corp.*, 253 id. 97.)

RHODES, J. (dissenting). I do not think this case is controlled by the decision in *Matter of Andrews* v. *L. & S. Amusement Corp.*,

referred to. The court there said: "There was no accident; he fell ·because of internal disorders." In the case at bar the fall was not caused by illness, but was an accident.

There the employee had a fit; here she had an accident arising out of her work. In the case cited the court said: "If there had been an accident causing his fall, we would have another element in the case."

It is true that in claimant's report herein she states that the injury was caused by "my becoming dizzy and falling against edge of table." On the hearing she testified: "I don't know whether I slipped or fainted, but I fell and struck my neck on the table." Later she was asked, "Well, really, would you attribute your fall to your being ill or your not feeling very well? A. I felt good, felt all right."

The Board had the right to accept her latter statement disregarding the other, and it is to be assumed that it did, because it has rendered a decision in her favor. There is no finding that illness caused the fall. It has found that while she was engaged in the regular course of her employment and while working for her employer in the laundry of her employer's plant, and while walking across the laundry floor she fell and in falling struck a table; that the injuries suffered by her were the natural and unavoidable result of the accident which she sustained; that they were accidental injuries and arose out of and in the course of her employment.

The table, located at the place of her employment, was an additional hazard that helped produce the injury.

Award reversed and claim dismissed, with costs against the State Industrial Board.