In the Matter of the Claim of MARGARET BENSEN, Respondent, against E. B. BADGER & SONS CO. and THE OCEAN ACCIDENT & GUARANTEE CORPORATION, LTD., Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal by employer and insurance carrier from an award of death benefits made by the State Industrial Board to the widow and minor children of a deceased employee. Decedent was a steamfitter's helper. While engaged in his employment he struck his head against an overhanging pipe. There is evidence to indicate that the blow was rather severe. He complained of being dizzy and thereafter suffered headaches. Subsequently he had convulsions and was removed to a hospital, where he died of a subarachnoid hemorrhage of the brain, sixteen days after the accident. There is substantial medical testimony both ways on the issue of whether decedent died as a result of an injury sustained in the accident. We may not weigh such testimony and the alleged irregularities in connection therewith do not appear substantial. On the question of notice there is evidence to sustain the finding that the employer had actual knowledge of the accident and injury within the statutory period, and also actual knowledge of death. The Board has found that the employer was not prejudiced by the failure to give written notice of injury and written notice of death. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.

In the Matter of the Claim of DAISY G. SMITH, Respondent, against THE CITY OF NEW YORK, Appellant. STATE INDUSTRIAL BOARD, Respondent.— Claimant, an all-time employee as a trained nurse of the city of New York located and living in the nurses' residence on Welfare Island, fainted while at the dining table and received burns upon her fingers which came in contact with hot food and hot plates upon the dining table upon which she fell. (*Matter of Mausert* v. *Albany Builders Supply Co.*, 250 N. Y. 21; *Matter of Andrews* v. *L. & S. Amusement Co.*, 253 id. 97.) Award affirmed, with costs to the State Industrial Board. Hill, P. J., Bliss, Heffernan and Foster, JJ., concur; Crapser, J., dissents and votes to reverse the award and to dismiss the claim on the ground that an injury from hot food eaten at the lunch hour is not compensable since it was not sustained in the course of the employment. (*Matter of Kowalek* v. *New York Consolidated R. R. Co.*, 229 N. Y. 489; *Matter of Heitz* v. *Ruppert*, 218 id. 148.)