In the Matter of the Claim of FANNY LAUER, Appellant, *v.* Y. M. & W. H. A. OF THE BRONX et al., Respondents. STATE INDUSTRIAL BOARD, Respondent.

Third Department, April 28, 1943.

*Abraham Markhoff,* for appellant.

*William F. O'Rourke* and *George J. Hayes* for respondents.

*Nathaniel L. Goldstein, Attorney-General,* for State Industrial Board.

BLISS, J. Claimant's husband was employed for over thirty years as a caretaker for the employer's community house and synagogue. While standing on the stone entrance steps to the synagogue opening a door to let people out, he suddenly fell down three steps to the sidewalk where he was found lying with the back of his head on the sidewalk and in a comatose condition. He was taken to a hospital where he died about four hours later. There is a dispute in the evidence as to whether there was any bump or other external indication of injury on the back of his head. The hospital report indicated a possible fracture of the skull and the death certificate gave as the cause of death cerebral hemorrhage (spontaneous); hypertensive heart disease. The carrier claimed that the man fell from the pathology and not from any accident while the claimant contended that there was no evidence to show that the fall was precipitated by any underlying condition. The referee agreed that this was the question in the case. The issue upon the hearings was whether there was any accident which caused the employee to fall. As a physician for the employer stated it " since the man had not received any trauma before he collapsed, I do not believe there is any connection between his fall and his death."

Of course this was not at all the question in the case. It was not necessary that the employee receive any trauma or suffer from any other accident before he fell. The decedent was working upon the stone steps. His employment placed him there and imposed the risk of injury if he fell down the steps. The question was whether he received from the fall any injury which contributed to his death and not whether an accident caused him to fall. He may have fallen from natural causes and still received from the fall an injury that contributed to some extent to his death. If such was the fact then the death resulted from an accident arising out of and in the course of his employment. As was stated in *Matter of Mausert* v. *Albany Builders S. Co.* (250 N. Y. 21): " A physical seizure unrelated to the employment is not such an accident as is compensable. (*Matter of Hansen* v. *Turner Const. Co.,* 224 N. Y. 331.) It is the fall and the injury resulting from it that constitutes an accident within the purview of the statute. The cause may be disregarded and the inquiry limited to an investigation to disclose whether the fall, having occurred, bore with it such consequences as would not have occurred except for the employment. A teamster, suffering from heart disease may sink upon a quantity of straw in the stable. He may be temporarily dazed and immediately recover or he may die from cardiac syncope. Unless his disease was caused by his employment, his death does not arise out of

his employment. Another teamster, suffering from the same disease in a form not sufficiently severe to cause him to do more than to slide from his seat to the pavement, breaks his bones or is killed. Then his injury arises out of his employment. If he had not been driving his wagon and fallen to the street he would not have been hurt.'' The doctrine of the *Mausert* case was ignored here and this claim was tried and decided upon an entirely different theory, namely, that there had to be an accident which caused the fall and that if the fall was the result of natural causes, then the claim did not come within the act.

In view of the erroneous conception of the law under which this claim was tried and decided, it should be reversed and remitted for further hearing and consideration.

CRAPSER, J. (dissenting). This is an appeal by the claimant in a compensation case from the decision of the State Industrial Board affirming the referee's decision disallowing the claim for compensation on the ground that the death was due to natural causes and was not the result of accidental injuries arising out of and in the course of employment.

On September 7, 1940, the deceased, a man aged seventy-five years, was employed as superintendent by the Y. M. & W. H. A. of The Bronx, conducting a community center and synagogue. On that day between seven and eight in the evening deceased collapsed in front of the premises and died within five hours thereafter as a result of a spontaneous cerebral hemorrhage associated with hypertensive heart disease.

The deceased was standing there opening the door for the purpose of letting the people out. He was observed standing there by a woman who came to meet her husband; she did not see him fall, but she saw him lying on the sidewalk, she saw him open the door, but nothing further. A fellow employee, who was inside, saw the decedent lying on the sidewalk and went out and brought him in.

There were three steps leading from the sidewalk up to the entrance of the building. The ambulance surgeon who took the deceased to the hospital found him lying unconscious with no evidence of any cerebral hemorrhage externally. He received no history, except that the bystanders had seen the man fall without any apparent cause.

Dr. Lefkowitz, assistant medical examiner, testified that death was not due to any trauma and that death was due to hypertensive heart disease which caused the spontaneous hemorrhage. He did not observe anything unusual about the eyes and he saw no bump on the head.

Dr. Keschner testified that the man died as the result of cerebral hemorrhage and hypertensive heart disease and he further testified that there was no connection between his fall and his death.

The report of the medical examiner stated the cause of death to be cerebral hemorrhage (spontaneous); hypertensive heart disease. There was no evidence that the fall of the deceased was due to any defective condition of the sidewalk or the premises.

The Board has found that the deceased did not sustain an accident or accidental injury nor did he suffer from an occupational disease and that his death was due to natural causes and was in no way related to nor due to nor the result of an accidental injury or an occupational disease, but due solely to cerebral hemorrhage caused by hypertensive heart disease not related to nor due to nor the result of an accidental injury.

The evidence supports the decision and findings of the Board. The decision of the State Industrial Board disallowing the claim should be affirmed, with costs.

HILL, P. J., and HEFFERNAN, J., concur with BLISS, J.; CRAPSER, J., dissents in an opinion in which SCHENCK, J., concurs.

Decision reversed and matter remitted to the State Industrial Board, with costs to the appellant against the State Industrial Board.