J. H. WILLIAMS *v.* STATE COMPENSATION COMMISSIONER *et al.*

(No. 7661)

Submitted September 6, 1933.   Decided September 12, 1933.

*Hubbard & Bacon,* for appellant.

*Homer A. Holt,* Attorney General, and *Kenneth E. Hines,* Assistant Attorney General, and *R. H. Casto,* for respondent.

*Leroy Allebach,* for New River & Pocahontas Consolidated Coal Company.

KENNA, JUDGE:

Claimant and appellant was injured August 5, 1932, at the Kaymoor operations of New River and Pocahontas Consolidated Coal Company. He was employed by that company as the foreman of its shop and as blacksmith, but, being also a carpenter, was subject to be ordered to different parts of the plant for work as necessity required. On the day of his injury, he had been ordered by defendant's superintendent to go to a certain place on the defendant's premises and there assist in building a wooden water trough. At or about noon (there is conflict as to whether the accident occurred at or immediately preceding the lunch hour) he asked the foreman in charge of the job upon which he was working where he could get a

drink of water and was told. In going after it, toward a point on the employer's premises about 75 feet away from the work he was doing, he slipped, fell and was injured. His claim for compensation was properly presented and duly considered and, after hearing, the commissioner denied compensation on the ground that the injury was not received in the course of and did not result from his employment. This appeal is prosecuted from that finding.

If the commissioner had found as a matter of fact that claimant's injury occurred during actual work hours, he would be entitled to compensation under former decisions of this court. We must view the case, however, as though the commissioner had found as a matter of fact that the injury occurred at the lunch period; thus placing it in a category wherein there are no governing precedents in this jurisdiction.

The workman's home was about three-quarters of a mile from the place where he was actually working. He was allowed one-half hour for his lunch, and it is not shown that he had any means of transportation other than walking. These circumstances indicate that it was contemplated by both the employer and the employee that the workman should eat his luncheon on the premises, and that that was being done by him with the implied knowledge and consent of the employer. These circumstances, we believe, bring the case within the rule upheld by the weight of authority to the effect that an injury sustained by a workman at the luncheon or dinner hour while remaining upon the premises for the purpose of eating the noon meal by the direct or implied knowledge and consent of the employer, and while the workman is at a place where he has a right to be, is compensable. *Haller v. City of Lansing,* 195 Mich. 753, 162 N. W. 335, L. R. A. 1917 E, 324; *Blovelt v. Sawyer,* (1904) 1 K. B. 271, 73 L. J. K. B. 155, 89 L. T. 658, 52 W. R. 503, 68 J. P. 110, 6 M. S. W. C. C. (2d Ed.) 16; *Employers' Mut. Ins. Co. v. Industrial Commission,* 76 Colo. 84, 230 P. 394; *Racine Rubber Co. v. Industrial Commission,* 165 Wis. 600, 162 N. W. 664.

The finding of the compensation commissioner is therefore reversed and the case remanded with directions that an award be entered in favor of the claimant in the proper amount.

*Reversed and remanded.*