GERTRUDE O. HALLETT's (dependent's) CASE.

Suffolk.  March 7, 1918. — May 25, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Workmen's Compensation Act. Evidence,* Matter of conjecture.

A woman twenty-eight years of age apparently in perfect health, who never had fainted nor been ill, was employed as a bookkeeper by a wholesale grocer. On a day when, after her work was over, she was to start with her husband on a vacation, she returned from luncheon to her place of employment, went up a flight of five granite steps carrying in each hand a packed travelling bag and when on the top step fell forward into her employer's store and died soon after without regaining consciousness. The steps were in good condition. There was evidence of an expert that she did not die from any internal cause. Her husband filed a claim under the workmen's compensation act as her dependent, and the Industrial Accident Board found that the death of the employee arose out of and in the course of her employment and awarded him compensation. *Held,* that, as the

cause of the employee's fall was unexplained and as it did not appear that the board had passed on the question of the cause of her injury, it was *ordered* that the case be recommitted to the Industrial Accident Board to find the cause of the employee's fall or to find that the cause was unknown.

In the case above described it was *said* that, if the employee's injury was caused by her physical or mental condition not arising out of her employment or was brought about by her exertions in her own affairs or by any other cause than her employment, the dependent husband could not be awarded compensation.

APPEAL to the Superior Court under St. 1911, c. 751, Part III, § 11, as amended by St. 1912, c. 571, § 14, from a decision of the Industrial Accident Board awarding compensation to John Lawrence Hallett as the dependent husband of Gertrude O. Hallett, who died on August 18, 1917, by falling at the top of a flight of granite steps leading to the store where she was employed as a bookkeeper by the S. K. Dexter Company, a corporation carrying on the business of a wholesale grocer at Lowell.

The case was heard by *Wait*, J. The evidence on which the decision of the Industrial Accident Board was based is described in the opinion. The claimant testified that at the time of the accident his wife was twenty-eight years of age and "Her health was perfect. She worked every day. They grew up together; that he had known her for about fifteen years. During this time he had never known her to faint or be ill." He also testified, in regard to the travelling bags that his wife was carrying, that "They were going on a vacation when she got through her work, and the bags were packed with this in view." The employee was taken to a hospital where she appears to have died without regaining consciousness.

The judge made a decree in accordance with the decision of the Industrial Accident Board that the "death of the deceased employee arose out of and in the course of her employment; and that the claimant, John Lawrence Hallett, the husband of the deceased, was wholly dependent upon her for his support, being conclusively presumed to be so by the statute, and is, therefore, entitled to a weekly compensation of $8.67 for a period of five hundred weeks from August 18, 1917, the date of the injury, said sum not, however, to exceed $4,000." The insurer appealed.

*G. Gleason,* for the insurer.

*S. E. Qua,* for the dependent husband.

CARROLL, J.   The deceased employee, on August 18, 1917, when returning from lunch, fell, while ascending a flight of granite steps on her employer's premises, and received injuries which caused her death.   Her husband, claimant, testified: "She had a grip about fourteen inches long and ten inches high in the left hand, and in the right hand a regular grip, a Gladstone Bag, about eighteen inches long and about a foot high.   She had a sweater on her arm. The bags had things in them."   The steps in question were five in number; they were eight inches high and twelve inches wide except the bottom step which was nine inches high, and the top step was twenty-five inches wide including a three-inch threshold, which was raised one sixteenth of an inch above the step.   It was agreed that the steps were in good condition.   There was evidence that the employee was on the top step when she fell forward into the employer's store.   From the testimony of two of the witnesses who were present, it might be found that she did not trip on the threshold or step, but fell from some unexplained cause.   One witness testified he was under the impression that she caught her foot on the outer edge of the top step.

To recover under the workmen's compensation act for an injury resulting from a fall, it must be shown that it arose out of the employment.   If it resulted from other causes, the statute does not apply.   A fall on the floor or on a flight of stairs or on any part of the employer's premises while occupied in his own affairs, if not explained, does not entitle the employee to compensation. Under the act the burden is upon him to show that it arose out of or was caused by the employment.   If an employee falls from over exertion while engaged in his own business and not engaged in the business of his employer, or, if a woman carrying in each hand a travelling bag filled with personal luggage and not engaged in the employer's business, in ascending a flight of steps trips on her dress because unable to hold it up or falls because of the weight she is carrying, it cannot be said that the employment caused the injury.   Although an employee falling under a heavy weight, — even if he falls on a smooth floor free from defect, — may be found to have been injured by the employment, if he is engaged in it at the time, an employee doing his own individual work under similar conditions cannot attribute a fall to the employment.   In every case, under the act, there must be the relation of cause and

effect between the employment and the injury. See *McNicol's Case*, 215 Mass. 497; *Maggelet's Case*, 228 Mass. 57.

If Mrs. Hallett did not strike her foot against the top step or the threshold, but because of the baggage she was carrying became weak or tired and fell; or, if she fainted or caught her foot in her clothing or fell from some unexplained cause, the claimant is not entitled to compensation. Even if she tripped on the step or the threshold, if this was caused by her own condition and not by the employment, the insurer is not liable. Stated in another way, if Mrs. Hallett tripped and fell and this did not arise out of her employment but was caused by her physical or mental condition or was brought about by her exertions in her own affairs or by any cause other than the employment, the dependent husband cannot be awarded compensation.

The expert evidence, that the deceased did not die from any internal cause, does not show that her injury resulted from her employment. It does not appear that the board passed on the question of the cause of her injury. They found that the employee fell forward over the threshold, and that the danger of falling was incidental to her employment; but they did not find the cause of the injury, nor is it stated that the cause is unknown. The report does not show the approximate weight of the bags and their contents, how far they had been carried, the condition of the weather on the day of the employee's death, the length of time she was away from the employment, or what she did in the interval. Findings on these questions may have some bearing on the issue to be decided.

It follows that the case must be recommitted to the Industrial Accident Board to find the cause of Mrs. Hallett's fall; if the cause is found to be unknown, so to state; and if the cause is known, to find what that cause was. At such hearing further evidence may be introduced by both parties.

             *So ordered.*