relator a permit for the erection of an apartment house on premises in the city of New Rochelle.

*Charles A. Van Auken* for appellant.

*Martin J. Tierney* for respondent.

Appeal dismissed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

In the Matter of the Claim of SARAH BARATH et al., Respondents, against ARNOLD PAINT COMPANY et al., Appellants.

STATE INDUSTRIAL BOARD, Respondent.

*Workmen's compensation — master and servant — fall of scaffold — sufficiency of evidence to warrant finding that injury was result of accident arising out of and in course of employment.*

*Barath* v. *Arnold Paint Co.*, 190 App. Div. 886, affirmed.

(Argued June 2, 1924; decided July 5, 1924.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered November 21, 1919, unanimously affirming an award of the State Industrial Board made under the Workmen's Compensation Law. The testimony showed that at about two-thirty P. M., while decedent, a painter in the employ of defendant Arnold Paint Company, and two other men were standing on a scaffold in the performance of their work the joint of the horse broke and they fell to the floor, a distance of about five feet. About five o'clock on the same day as the deceased employee was stepping down from the scaffold he again fell to the floor, a distance of about five feet. It was testified that medical examination disclosed a fracture of the base of the skull. Appellant contended that there was no evidence that the injury was the result of an accident arising out of and in the course of his employment.

*Neile F. Towner* for appellants.

*Carl Sherman, Attorney-General* (*E. C. Aiken* of counsel), for respondents.

40

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGH-
LIN, CRANE, ANDREWS and LEHMAN, JJ.

---

JOHN P. SHANAHAN, Respondent, *v.* CRESTONIA CON-
STRUCTION CORPORATION, Appellant.

*Negligence — injury to employee of contractor on building through
defect in runway — sufficiency of evidence that owner adopted runway
as his own and permitted contractors to use it.*

*Shanahan* v. *Crestonia Constr. Corpn.,* 207 App. Div. 680, affirmed.
(Argued June 2, 1924; decided July 5, 1924.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the second judicial department, entered
February 29, 1924, reversing a judgment in favor of
defendant entered upon a dismissal of the complaint by
the court at a Trial Term and granting a new trial in
an action to recover for personal injuries alleged to have
been sustained by plaintiff through the negligence of
defendant, who at the time of the happening of the
accident to the plaintiff was engaged in the construction
of five houses. There was no general contractor. The
work of constructing the buildings was let out to different
contractors, each taking a contract to perform that
portion of the work involved in his own line of work.
The stone mason who laid the foundation constructed a
runway from the street into the buildings or courtyard
between the buildings out of materials furnished by the
defendant. When that contractor finished his work he
left the runway as he had constructed it. Thereafter
subsequent contractors made use of this runway with
the defendant's knowledge. The defendant also made
use of it. The plaintiff is a steamfitter and in the
employ of a firm having the contract to do the steam-
fitting. He was engaged in carrying some heavy iron
pipe from the street into the building when, as he was
walking along the runway or as he was about to lower
the pipe into the basement, one of the planks in the
runway tilted and the plaintiff was precipitated into the