## No. 11,045.

EMPLOYERS MUTUAL INSURANCE CO., ET AL. *v.* INDUSTRIAL
COMMISSION, ET AL.

Decided October 6, 1924.

Proceeding under the workmen's compensation act.
Judgment for claimant.

### *Affirmed.*

1. WORKMEN'S COMPENSATION—*Course of Employment—Noon Hour.*
The fact that an accident occurs during the noon hour, when
no actual work is being done, does not preclude it from being
in the course of the employment.

2. *Accident Arising out of Employment—Call of Nature.* Claim-
ant was injured in attending to a call of nature. Such an ac-
cident is, under ordinary circumstances, one arising out of the
employment.

3. *Negligence of Employe.* The fact that an employe sustaining
an accident is negligent, does not affect his right to compensa-
tion.

*Error to the District Court of the City and County of
Denver, Hon. George F. Dunklee, Judge.*

Mr. FRANK C. WEST, for plaintiffs in error.

Mr. WAYNE C. WILLIAMS, Attorney General, Mr. JOSEPH
P. O'CONNELL, Assistant, for defendants in error.

*Department Three.*

MR. JUSTICE ALLEN, sitting for MR. CHIEF JUSTICE
TELLER, delivered the opinion of the court.

THIS is a proceeding which was instituted before the
Industrial Commission under the Workmen's Compensation
Act. The district court affirmed an award in favor of the
claimant, and the employer and the insurer bring the cause
here for review.

The findings of the commission, so far as now material, are as follows: "The claimant was injured during the noon hour. He came out from the mine where he was working and in attending to a call of nature stopped under an old bank on the top of the main slope portal and was caught by a cave-in of this bank. His accident occurred on the employer's premises and during the claimant's working hours."

On appeal to the district court, the petition sought to set aside the award on the ground that there is no evidence to support the finding that the accident occurred during the employee's working hours. There is no merit in that ground. The fact that the accident occurred during the noon hour, when no actual work was being done, does not preclude the accident from being in the course of the employment. *Haller v. City of Lansing,* 195 Mich. 753, 162 N. W. 335, L. R. A. 1917E, 324.

The only other ground for setting aside the award, it appears from the petition in the district court, is that the findings do not support the award. The contention is that the accident did not arise out of the employment. The claimant was injured in attending to a call of nature. Such an injury, or accident, is, under ordinary circumstances, one arising out of the employment. *Ocean Corporation v. Pallero,* 66 Colo. 190, 180 Pac. 95. The facts, as found by the commission, make the accident involved in the instant case one arising out of the employment.

Some facts in evidence, not incorporated in the commission's findings, are referred to in the brief of plaintiffs in error, but had the commission found the facts claimed, the result would not be different. Thus it is said that there were out-houses to which the employee could have resorted. The further fact remains that the employee was not forbidden to take the course that he did, and there was no attempt to show that it was obviously dangerous. If he was negligent, that fact would not affect his right to compensation. We find no ground for setting aside the award. The

district court was right in affirming it, and its judgment is, therefore, affirmed.

MR. JUSTICE CAMPBELL and MR. JUSTICE SHEAFOR concur.