24372. BIBB MANUFACTURING COMPANY v. ALFORD.

JENKINS, P. J. 1. In order for an injury to be compensable under the terms of the workmen's compensation act, it must have been occasioned "by accident arising out of and in the course of the employment and shall not include a disease in any form except where it results naturally and unavoidably from the accident." Code 1933, § 114-102. An accident arises in the course of the employment, within the meaning of the act, when it occurs "within the period of the employment, at a place where the employee reasonably may be in the performance of his duties, and while he is fulfilling those duties or engaged in doing something incidental thereto. . . An accident arises 'out of' the employment when it arises because of it, as when the employment is a contributing proximate cause. This and the conditions stated above must concur before the act can apply." *New Amsterdam Casualty Co. v. Sumrell,* 30 *Ga. App.* 682 (2, a) (118 S. E. 786); *Keen v. New Amsterdam Casualty Co.,* 34 *Ga. App.* 257 (129 S. E. 174).

2. Of the two conflicting lines of authority variously adopted by the courts of this country and of England, the better and more generally followed rule would seem to be that followed by Director Stanley of the Department of Industrial Relations, to the effect that an injury arising from a physical seizure not induced by or related to the employment is not such an accident as would afford compensation, even though it might appear that the particular *consequences* of the seizure were such as would not have resulted elsewhere than at the place of the employment. Van Gorder v. Packard Motor Car Co., 195 Mich. 588 (162 N. W. 107, L. R. A. 1917E, 522); Minerly v. Kingsberry Construction Co., 191 App. Div. 618 (181 N. Y. Supp. 901); Joseph v. United Kimono Co., 194 App. Div. 568 (185 N. Y. Supp. 700); Andrews v. L. & S. Amusement Corp., 253 N. Y. 97 (170 N. E. 506); Hallett's case, 230 Mass. 326 (119 N. E. 673); Cinmino's case, 251 Mass. 158 (146 N. E. 245, 246, 37 A. L. R. 769); Reeves v. John A. Dady Cor., 95 Conn. 627 (113 Atl. 162). It would seem, however, that in determining the question as to whether or not the physical seizure was in fact induced by the work of the employment, consideration should be given to any previous weakened condition of the employee, since it could be true that the work of the employment, under such circumstances, might induce the seizure when otherwise it would have no such deleterious effect. Especially would this be true where, as here, it appears that the prior existing illness had been brought to the attention of the employer by the employee, and he was induced to continue at his post by the solicitation of his employer.

3. While it is well recognized that findings of fact by the Department of Industrial Relations based on any competent evidence are conclusive (*Ga. Power & Light Co. v. Patterson,* 46 *Ga. App.* 7, 8, 166 S. E. 255; *Gossett v. U. S. Fidelity & Guaranty Co.,* 41 *Ga. App.* 512, 153 S. E. 441), yet since it seems to affirmatively appear from the judgment of the director that the conclusion that the work of the employment did not induce the seizure was arrived at on the theory that none of the other numerous employees were injuriously affected, the judgment of reversal by the superior court is affirmed, with direction that the par-

ticular phase of the situation here dealt with be considered by the department in determining whether the seizure was brought about by the work of the claimant's employment.

*Judgment affirmed, with direction.* *Stephens and Sutton, JJ., concur.*

DECIDED MAY 9, 1935.

*Jones, Johnston, Russell & Sparks,* for plaintiff in error.
*John M. Seal, Eugene Dickey,* contra.