BESSIE ROGERS REWIS v. NEW YORK LIFE INS. CO., ET AL.

(Filed 8 May, 1946.)

**1. Master and Servant § 40c—**

An injury "arises out of" the employment when it occurs in the course of the employment and is a natural and probable consequence or incident of it, so that there is some causal relation between the accident and the performance of some service of the employment.

**2. Same—**

Acts which are necessary to the health and comfort of an employee while at work, though personal to himself and not technically acts of service, such as visits to the washroom, are incidental to the employment.

**3. Same—Evidence held sufficient to support finding of Industrial Commission that accident arose out of the employment.**

Evidence tending to show that the employee was suffering from a disease which weakened him and subjected him to frequent fainting spells, that, during the course of his employment he went to the men's washroom, and that while there felt faint, and in seeking fresh air, went to the open window, slipped on the tile floor, and fell through the window to his death, *is held* sufficient to support the finding of the Industrial Commission that his death was the result of an accident arising out of and in the course of his employment.

**4. Master and Servant § 40b—**

Proof of the accidental character of an injury, and how it occurred, may be made by circumstantial as well as direct evidence.

**5. Same—Circumstances held to support conclusion that death of employee was the result of an accident.**

The evidence disclosed the following circumstances: The employee had a disease which weakened him and subjected him to frequent fainting spells. While he was in the men's washroom, he called to the person in the adjacent booth, "Please help me to the window, I am about to faint." The floor of the washroom was of tile and very slick when wet. It was washed each morning. Two windows were open 37 inches from the front of the booth occupied by the employee. The employee was afterwards found on the roof of the adjacent building, directly beneath the open windows. *Held:* The circumstances permit the inference drawn by the Industrial Commission that the employee slipped and fell to his death, even though other inferences may appear equally plausible.

**6. Master and Servant § 55d—**

Where the evidence is such that several inferences appear equally plausible, the finding of the Industrial Commission is conclusive on appeal. The courts are not at liberty to reweigh the evidence and set aside the finding simply because other conclusions might have been reached.

BARNHILL, J., dissenting.

APPEAL by defendants from *Grady, Emergency Judge,* at January Term, 1946, of WAKE.

Proceeding under Workmen's Compensation Act to determine liability of New York Life Insurance Company (Employer) and Travelers Insurance Company (Carrier) to Mrs. Bessie Rogers Rewis, widow and only surviving dependent of Millard Rewis, deceased employee.

In addition to the jurisdictional determinations, the essential findings of the Industrial Commission follow:

Millard Rewis was employed by the New York Life Insurance Company as an agency organizer. In the mid-afternoon of 28 December, 1943, he had occasion to go to the eleventh floor of the Security Bank Building, Raleigh, N. C., on business of his employer. While there he found it necessary to visit the men's washroom. Shortly after entering the washroom, feeling faint from idiopathic ulcerative colitis, which had plagued him for several years, and in an effort to get some fresh air, he went to one of the open windows in the washroom, slipped on the slick tile and fell through the window to the roof of the adjoining building nine stories below. He died as a result of the fall.

No one saw the deceased fall to his death, but while he was in one of the stalls, where his coat and overcoat were afterwards found hanging, he called to a person in an adjacent booth and said: "Please help me to the

window, I am about to faint." Two windows were open directly in front of the stall used by the deceased. They were 32 inches from the floor, 35 inches wide; 28 inches from the sill to the top of the lower section of the window; the sills were approximately 15 inches thick; and the distance from the front of the stall to the window was approximately 37 inches. The floor of the washroom is of tile, very slick, and was washed in the morning of each day. The body of the deceased was found directly beneath the open window.

The Commission found as a fact that the deceased sustained an injury by accident, which arose out of and in the course of his employment, when he accidentally fell from the window of the men's washroom on the eleventh floor of the Security Bank Building; that his "feet slipped on the slick tile when he sought comfort at the open window"; that the fall was the proximate cause of his death; that his pre-existing idiopathic condition was not the cause of his death, and that the deceased did not commit suicide. Whereupon compensation was awarded.

On appeal to the Superior Court, the award of the Commission was upheld. From this latter ruling, the defendants appeal, assigning errors.

*Ruark & Ruark for plaintiff, appellee.*
*Bailey, Holding, Lassiter & Langston for defendants, appellants.*

STACY, C. J. The question here posed is whether the record permits the inference that decedent's death resulted from an injury by accident arising out of and in the course of his employment. An affirmative answer would uphold the judgment; a negative reply would reverse it.

That the accident occurred in the course of the employment is conceded. Whether it arose out of the employment is the mooted question. An injury is said to "arise out of" the employment when it occurs in the course of the employment and is a natural or probable consequence or incident of it. *Harden v. Furniture Co.,* 199 N. C., 733, 155 S. E., 728. "There must be some causal relation between the employment and the injury; but if the injury is one which, after the event, may be seen to have had its origin in the employment, it need not be shown that it is one which ought to have been foreseen or expected." *Conrad v. Foundry Co.,* 198 N. C., 723, 153 S. E., 266. In general terms, an accident may be said to arise out of the employment when there is a causal connection between it and the performance of some service of the employment. *Ashley v. Chevrolet Co.,* 222 N. C., 25, 21 S. E. (2d), 834. The accident arises out of the employment when it occurs in the course of the employment and is the result of a risk involved in the employment or incident to it, or to the conditions under which it is required to be performed.

*Bryan v. Loving Co.,* 222 N. C., 724, 24 S. E. (2d), 751; *Marchiatello v. Lynch Realty Co.,* 94 Conn., 260, 108 Atl., 799.

An employee, while about his employer's business, may do those things which are necessary to his own health and comfort, even though personal to himself, and such acts are regarded as incidental to the employment. *Steel Sales Corp. v. Ind. Com.,* 293 Ill., 435, 127 N. E., 698, 14 A. L. R., 274; *Employers Mut. Ins. Co. v. Ind. Com.,* 76 Colo., 84, 230 P., 394.

"Such acts as are necessary to the life, comfort and convenience of the workman while at work, though personal to himself, and not technically acts of service, are incidental to the service; and an accident occurring in the performance of such acts is deemed to have arisen out of the employment. Such acts are regarded as inevitable incidents of the employment, and accidents happening in the performance of such acts are regarded as arising out of and in the course of the employment." *Holland v. Shraluka,* 64 Ind. App., 545.

Here, the Commission has found that decedent's death was the result of a fall occasioned by his "slipping on the slick tile" when he was intent on restoring his physical condition to where he might continue with his work. If this be a permissible inference from the facts in evidence, it would seem that the judgment should be upheld. To say that his death was due to a cause not connected with his employment would be to reject the legitimate inferences which support the fact-finding body. *Hegler v. Cannon Mills,* 224 N. C., 669, 31 S. E. (2d), 918; *Kearns v. Furniture Co.,* 222 N. C., 438, 23 S. E. (2d), 310. Where the record is such as to permit either finding, the determination of the Industrial Commission is conclusive on appeal. *Buchanan v. Highway Com.,* 217 N. C., 173, 7 S. E. (2d), 382; *Lockey v. Cohen, Goldman & Co.,* 213 N. C., 356, 196 S. E., 342.

The deceased was in the course of his employment. He was at a place where his work carried him. He had become faint from a pre-existing idiopathic condition. He fell to his death by reason of an accident in slipping on the slick tile. At the time of the fall he was endeavoring to get himself into conditon so as to be able to continue his employment. Such an act is regarded as an incident of the employment. Hence, there was a causal connection between the employment and the injury. It would seem the Commission was justified in concluding "as a matter of fact and law" that the deceased sustained an injury by accident arising out of and in the course of his employment; that the fall was the proximate cause of his death; that Rewis' employment required him to go to the 11th floor of the Security Bank Building on the afternoon in question, and that his feet slipped on the slick tile when he sought comfort at the open window. *Rockford Hotel Co. v. Ind. Com.,* 300 Ill., 87, 132 N. E., 759, 19 A. L. R., 80.

In the case last cited a workman, while in the discharge of his regular duties, was seized with an epileptic fit and fell into an ash pit, where hot cinders had been thrown as he removed them from a furnace, and he was burned to death. It was held in conformity with the findings of the Industrial Commission that the workman did not die from epilepsy or pre-existing disease, but from the burns he received when he fell into the pit, the court saying: "Some cases hold that, where an employee is seized with a fit and falls to his death, the employer is not liable, because the injury did not arise out of the employment (citing authorities); but a majority of the courts, American and English, hold that, if the injury was due to the fall, the employer is liable, even though the fall was caused by the pre-existing idiopathic condition."

This view is supported by decisions in a number of jurisdictions. *Gonier v. Chase Companies* (Chase Metal Works), 97 Conn., 46, 115 A., 677, 19 A. L. R., 83 (painter while working fell to his death from scaffold when seized with attack of vertigo); *Cusick's Case,* 260 Mass., 421, 157 N. E., 596 (employee fell down flight of stairs in course of employment and sustained fatal injuries—fall occurred during attack of epilepsy); *Barath v. Arnold Paint Co.,* 238 N. Y., 625, 144 N. E., 918 (workman in course of employment fell from scaffold to his death following apoplectic stroke); *Wicks v. Dowell Co.,* 2 K. B. (Eng.), 225, 2 Ann. Cas., 732 (workman while unloading coal from ship was seized with epileptic fit and fell down hatchway near which he was required to stand); and additional cases may be found of similar import. See *Aetna Life Ins. Co. v. Ind. Com.,* 81 Colo., 233, 254 Pac., 995.

In *Robinson v. State,* 93 Conn., 49, 104 A., 491, Robinson left his work of supervising the repair of a highway, and while crossing the highway to speak to a friend who had hailed him, he was struck by a touring car and killed. *Held,* compensable death, as deceased, when hit, was engaged in his employment, or something reasonably incidental to it, and the injury arose out of the employment.

The defendants, on the other hand, contend that the real cause of the injury here was the decedent's pre-existing idiopathic condition; that "a fall by an employee while at work, where neither the cause of the fall nor the resulting injury bears any special relation to his work or to the conditions under which it was performed, though it arises 'in the course of' the employment, does not arise 'out of' the employment within the meaning of the statute" (*Rozek's Case,* 294 Mass., 205), and that the finding of the Commission that the deceased slipped on the slick tile is unsupported by the evidence and rests only in conjecture. *Plemmons v. White's Service, Inc.,* 213 N. C., 148, 195 S. E., 370; *Joseph v. United Kimono Co.,* 185 N. Y. S., 700 (194 App. Div., 568); *Cinmino's Case,* 251 Mass., 158; *Cox v. Kansas City Refining Co.,* 108 Kan., 320, 195

Pac., 863, 19 A. L. R., 90; *Van Gorder v. Packard Motor Co.,* 195 Mich., 588, 162 N. W., 107, L. R. A., 1917 E, 522; *Geo. L. Eastman Co. v. Ind. Acci. Com.,* 186 Cal., 587, 200 Pac., 17.

It is true that no one saw the deceased slip on the tile, and in fact no one saw him fall to his death. But proof of the accidental character of the injury, and how it occurred, may be made by direct or circumstantial evidence. *Steel Sales Corp. v. Ind. Com., supra;* 20 Am. Jur., 258. "A fact can be proved by both circumstantial and direct evidence." *Lumber Co. v. Power Co.,* 206 N. C., 515, 174 S. E., 427; *Sink v. Lexington,* 214 N. C., 548, 200 S. E., 4. The proof adduced at the hearing would seem to permit the inferences drawn by the Commission, even though other inferences may appear equally plausible. *Fields v. Plumbing Co.,* 224 N. C., 841, 32 S. E. (2d), 652; *Brown v. Aluminum Co.,* 224 N. C., 766, 32 S. E. (2d), 320; *Lassiler v. Tel. Co.,* 215 N. C., 227, 1 S. E. (2d), 542. The courts are not at liberty to reweigh the evidence and to set aside the findings of the Commission, simply because other inferences could have been drawn and different conclusions might have been reached. *Tenant v. R. R.,* 321 U. S., 35, 88 L. Ed., 525.

It is conceded that the subject case is without precedent in this jurisdiction. It poses a close question for decision. Authorities elsewhere may be found which seem to support either conclusion. It is thought that here the majority view would look with favor upon an award of compensation. However, the cases cited by the defendants from California, Kansas, Michigan and New York, apparently point in the opposite direction.

We are inclined to the opinion, and so hold, that upon the record as presented, the judgment of the Superior Court should be upheld.

Affirmed.

BARNHILL, J., dissenting: I am unable to concur in the conclusion that the evidence in this case is sufficient to sustain a finding that the accident which caused the death of the employee arose out of his employment. In my opinion all the evidence tends to show that it was attributable to and arose out of his serious physical condition.

That an injury caused by accident is compensable only when the risk which resulted in injury was incident to the employment is now accepted law in this jurisdiction. Even so, an employee's visits to a rest room in the course of his employment are to be anticipated by the employer. If in the course of such a trip he suffer an accident, nothing else appearing, the accident arises out of a risk incident to his employment. This may be conceded.

But something more appears on this record. The deceased was afflicted with idiopathic ulcerative colitis; his blood count was very

low; he was in a weakened condition; he was subject to dizzy spells and was likely to faint at any time. This condition frequently made him feel the need of fresh air. While in the rest room, due to his condition, he felt as though he was going to faint—one of the effects of his disease. He tried to get to a window for fresh air. In some manner he fell out the window. Thus his syncopic condition caused him to leave the stall and rush to the window—his ailment and not his employment carried him to the place of danger. It follows in my opinion that the risk out of which the injury arose was not incident to the trip to the rest room or to his employment. It is traceable, instead, directly and exclusively to his physical condition. *Lockey v. Cohen, Goldman & Co.,* 213 N. C., 356, 196 S. E., 342; *Bryan v. T. A. Loving Co.,* 222 N. C., 724, 24 S. E. (2d), 751; *Robbins v. Hosiery Mills,* 220 N. C., 246, 17 S. E. (2d), 20; *Plemmons v. White's Service, Inc.,* 213 N. C., 148, 195 S. E., 370.

When an employee, in the course of his employment, falls from the roof of a building or from a ladder or other place of danger where his employment places him, the accident arises out of the employment even though illness may have been a contributing cause of the fall. There are many cases, such as those cited in the majority opinion, which so hold. It seems to me that they are so clearly distinguishable discussion thereof is unnecessary. See *Cox v. Kansas City Refining Co.,* 19 A. L. R., 90, and Anno., *ibid.,* 95.

There is another reason why I am unwilling to concur in the affirmance of the judgment below. The opinion of the hearing commissioner contains the following:

"Prior to the date of the last hearing in this case, the undersigned Commissioner visited the men's washroom on the 11th floor of the Security Bank Building and found that the door to the men's room was not latched; that it closed very slowly and this accounts for the reason why the deceased did not return to the office of Attorney Powers to borrow the key again; that the floor of the men's washroom was of tile and that it was very slick."

And later:

". . . the Commission is convinced from all the facts and circumstances that Rewis' feet slipped on the slick tile when he sought comfort at the open window."

The testimony is to the effect that the rest room has a tile floor; that tile is somewhat slicker than a wood floor; that when moist it was "liable" to be slick; that the floor was cleaned between 9:00 and 10:00 a.m. each day and that the accident occurred between 4:00 and 5:00 p.m.

I can find in the testimony no evidence that deceased in going from the stall to the window slipped and fell. There was no noise of slipping

or of a fall and no evidence that at the time the tile was moist and therefore slick.

There is, therefore, no evidence in the record to sustain these findings. The "very slick" condition of the tile floor, made a basic fact in support of the award, and the otherwise unexplained manner in which the deceased gained entrance to the rest room are made to appear by conditions "found" by the hearing commissioner on his private trip of inspection more than ten months after the accident.

These "findings" were approved by the full Commission. As approved they are found sufficient to support the conclusions of law made by the Commission and to support an award. I am unwilling to join in the affirmance of an award based on facts thus ascertained and "found" by the hearing commissioner and adopted by the full Commission.