BARNHILL, J., dissenting.
Proceeding under Workmen's Compensation Act to determine liability of New York Life Insurance Company (Employer) and Travelers Insurance Company (Carrier) to Mrs. Bessie Rogers Rewis, widow and only surviving dependent of Millard Rewis, deceased employee.
In addition to the jurisdictional determinations, the essential findings of the Industrial Commission follow:
Millard Rewis was employed by the New York Life Insurance Company as an agency organizer. In the mid-afternoon of 28 December, 1943, he had occasion to go to the eleventh floor of the Security Bank Building, Raleigh, N.C. on business of his employer. While there he found it necessary to visit the men's washroom. Shortly after entering the washroom, feeling faint from idiopathic ulcerative colitis, which had plagued him for several years, and in an effort to get some fresh air, he went to one of the open windows in the washroom, slipped on the slick tile and fell through the window to the roof of the adjoining building nine stories below. He died as a result of the fall.
No one saw the deceased fall to his death, but while he was in one of the stalls, where his coat and overcoat were afterwards found hanging, he called to a person in an adjacent booth and said: "Please help me to the *Page 327 
window, I am about to faint." Two windows were open directly in front of the stall used by the deceased. They were 32 inches from the floor, 35 inches wide; 28 inches from the sill to the top of the lower section of the window; the sills were approximately 15 inches thick; and the distance from the front of the stall to the window was approximately 37 inches. The floor of the washroom is of tile, very slick, and was washed in the morning of each day. The body of the deceased was found directly beneath the open window.
The Commission found as a fact that the deceased sustained an injury by accident, which arose out of and in the course of his employment, when he accidentally fell from the window of the men's washroom on the eleventh floor of the Security Bank Building; that his "feet slipped on the slick tile when he sought comfort at the open window"; that the fall was the proximate cause of his death; that his pre-existing idiopathic condition was not the cause of his death, and that the deceased did not commit suicide. Whereupon compensation was awarded.
On appeal to the Superior Court, the award of the Commission was upheld. From this latter ruling, the defendants appeal, assigning errors.
The question here posed is whether the record permits the inference that decedent's death resulted from an injury by accident arising out of and in the course of his employment. An affirmative answer would uphold the judgment; a negative reply would reverse it.
That the accident occurred in the course of the employment is conceded. Whether it arose out of the employment is the mooted question. An injury is said to "arise out of" the employment when it occurs in the course of the employment and is a natural or probable consequence or incident of it.Harden v. Furniture Co., 199 N.C. 733, 155 S.E. 728. "There must be some causal relation between the employment and the injury; but if the injury is one which, after the event, may be seen to have had its origin in the employment, it need not be shown that it is one which ought to have been foreseen or expected." Conrad v. Foundry Co., 198 N.C. 723,153 S.E. 266. In general terms, an accident may be said to arise out of the employment when there is a causal connection between it and the performance of some service of the employment. Ashley v. Chevrolet Co., 222 N.C. 25,21 S.E.2d 834. The accident arises out of the employment when it occurs in the course of the employment and is the result of a risk involved in the employment or incident to it, or to the conditions under which it is required to be performed. *Page 328 Bryan v. Loving Co., 222 N.C. 724, 24 S.E.2d 751; Marchiatello v.Lynch Realty Co., 94 Conn. 260, 108 A. 799.
An employee, while about his employer's business, may do those things which are necessary to his own health and comfort, even though personal to himself, and such acts are regarded as incidental to the employment. SteelSales Corp. v. Ind. Com., 293 Ill. 435, 127 N.E. 698, 14 A.L.R., 274;Employers Mut. Ins. Co. v. Ind. Com., 76 Colo. 84, 230 P. 394.
"Such acts as are necessary to the life, comfort and convenience of the workman while at work, though personal to himself, and not technically acts of service, are incidental to the service; and an accident occurring in the performance of such acts is deemed to have arisen out of the employment. Such acts are regarded as inevitable incidents of the employment, and accidents happening in the performance of such acts are regarded as arising out of and in the course of the employment." Holland v. Shraluka,64 Ind. App. 545.
Here, the Commission has found that decedent's death was the result of a fall occasioned by his "slipping on the slick tile" when he was intent on restoring his physical condition to where he might continue with his work. If this be a permissible inference from the facts in evidence, it would seem that the judgment should be upheld. To say that his death was due to a cause not connected with his employment would be to reject the legitimate inferences which support the fact-finding body. Hegler v. Cannon Mills,224 N.C. 669, 31 S.E.2d 918; Kearns v. Furniture Co., 222 N.C. 438,23 S.E.2d 310. Where the record is such as to permit either finding, the determination of the Industrial Commission is conclusive on appeal.Buchanan v. Highway Com., 217 N.C. 173, 7 S.E.2d 382; Lockey v.Cohen, Goldman Co., 213 N.C. 356, 196 S.E. 342.
The deceased was in the course of his employment. He was at a place where his work carried him. He had become faint from a pre-existing idiopathic condition. He fell to his death by reason of an accident in slipping on the slick tile. At the time of the fall he was endeavoring to get himself into condition so as to be able to continue his employment. Such an act is regarded as an incident of the employment. Hence, there was a causal connection between the employment and the injury. It would seem the Commission was justified in concluding "as a matter of fact and law" that the deceased sustained an injury by accident arising out of and in the course of his employment; that the fall was the proximate cause of his death; that Rewis' employment required him to go to the 11th floor of the Security Bank Building on the afternoon in question, and that his feet slipped on the slick tile when he sought comfort at the open window.Rockford Hotel Co. v. Ind. Com., 300 Ill. 87, 132 N.E. 759, 19 A.L.R., 80. *Page 329 
In the case last cited a workman, while in the discharge of his regular duties, was seized with an epileptic fit and fell into an ash pit, where hot cinders had been thrown as he removed them from a furnace, and he was burned to death. It was held in conformity with the findings of the Industrial Commission that the workman did not die from epilepsy or pre-existing disease, but from the burns he received when he fell into the pit, the court saying: "Some cases hold that, where an employee is seized with a fit and falls to his death, the employer is not liable, because the injury did not arise out of the employment (citing authorities); but a majority of the courts, American and English, hold that, if the injury was due to the fall, the employer is liable, even though the fall was caused by the pre-existing idiopathic condition."
This view is supported by decisions in a number of jurisdictions. Gonierv. Chase Companies (Chase Metal Works), 97 Conn. 46, 115 A. 677,19 A.L.R., 83 (painter while working fell to his death from scaffold when seized with attack of vertigo); Cusick's Case, 260 Mass. 421,157 N.E. 596 (employee fell down flight of stairs in course of employment and sustained fatal injuries — fall occurred during attack of epilepsy); Barath v. Arnold Paint Co., 238 N.Y. 625,144 N.E. 918 (workman in course of employment fell from scaffold to his death following apoplectic stroke); Wicks v. Dowell Co., 2 K. B. (Eng.), 225, 2 Ann. Cas., 732 (workman while unloading coal from ship was seized with epileptic fit and fell down hatchway near which he was required to stand); and additional cases may be found of similar import. See Aetna Life Ins. Co. v. Ind. Com., 81 Colo. 233,254 P. 995.
In Robinson v. State, 93 Conn. 49, 104 A. 491, Robinson left his work of supervising the repair of a highway, and while crossing the highway to speak to a friend who had hailed him, he was struck by a touring car and killed. Held, compensable death, as deceased, when hit, was engaged in his employment, or something reasonably incidental to it, and the injury arose out of the employment.
The defendants, on the other hand, contend that the real cause of the injury here was the decedent's pre-existing idiopathic condition; that "a fall by an employee while at work, where neither the cause of the fall nor the resulting injury bears any special relation to his work or to the conditions under which it was performed, though it arises `in the course of' the employment, does not arise `out of' the employment within the meaning of the statute" (Rozek's Case, 294 Mass. 205), and that the finding of the Commission that the deceased slipped on the slick tile is unsupported by the evidence and rests only in conjecture. Plemmons v.White's Service, Inc., 213 N.C. 148, 195 S.E. 370; Joseph v. UnitedKimono Co., 185 N.Y. S., 700 (194 A.D. 568); Cinmino's Case,251 Mass. 158; Cox v. Kansas City Refining Co., 108 Kan. 320, *Page 330 195 P. 863, 19 A.L.R., 90; Van Gorder v. Packard Motor Co., 195 Mich. 588,162 N.W. 107, L.R.A., 1917 E, 522; Geo. L. Eastman Co. v. Ind.Acci. Com., 186 Cal. 587, 200 P. 17.
It is true that no one saw the deceased slip on the tile, and in fact no one saw him fall to his death. But proof of the accidental character of the injury, and how it occurred, may be made by direct or circumstantial evidence. Steel Sales Corp. v. Ind. Com., supra; 20 Am. Jur., 258. "A fact can be proved by both circumstantial and direct evidence." Lumber Co. v.Power Co., 206 N.C. 515, 174 S.E. 427; Sink v. Lexington, 214 N.C. 548,200 S.E. 4. The proof adduced at the hearing would seem to permit the inferences drawn by the Commission, even though other inferences may appear equally plausible. Fields v. Plumbing Co., 224 N.C. 841,32 S.E.2d 652; Brown v. Aluminum Co., 224 N.C. 766, 32 S.E.2d 320;Lassiter v. Tel. Co., 215 N.C. 227, 1 S.E.2d 542. The courts are not at liberty to reweigh the evidence and to set aside the findings of the Commission, simply because other inferences could have been drawn and different conclusions might have been reached. Tenant v. R. R.,321 U.S. 35, 88 L.Ed., 525.
It is conceded that the subject case is without precedent in this jurisdiction. It poses a close question for decision. Authorities elsewhere may be found which seem to support either conclusion. It is thought that here the majority view would look with favor upon an award of compensation. However, the cases cited by the defendants from California, Kansas, Michigan and New York, apparently point in the opposite direction.
We are inclined to the opinion, and so hold, that upon the record as presented, the judgment of the Superior Court should be upheld.
Affirmed.