Bell and Williams, JJ.,
 

 dissenting. In the case of
 
 Industrial Commission
 
 v.
 
 Nelson,
 
 127 Ohio St., 41, 186 N. E., 735, the workman was seized with an epileptic fit and fell into or against a spot welding machine at which he was then working. In the fall his head hit the machine, and as a result he suffered concussion of the brain, from which he died. The death was held compensable. In the majority opinion herein that case is distinguished from the instant case because here the deceased workman, while in the rest room (in which were urinals, toilets, benches and lockers), fell upon a concrete floor. We believe there can be no question that he was in the course of his employment while he temporarily left his work to make a visit to the rest room.
 
 Vulcan Detinning Co.
 
 v.
 
 Industrial Commission,
 
 295 Ill., 141, 128 N. E., 917.
 

 It is almost universally held that one, who in the course of his employment faints, has á fit or becomes dizzy and falls into a pit, off a platform, down stairs or against some object near his work, thereby sustaining injury, is entitled to compensation.
 
 Peoria Railway Terminal Co.
 
 v.
 
 Industrial Board,
 
 279 Ill., 352, 116 N. E., 651;
 
 Van Watermeullen
 
 v.
 
 Industrial Commission,
 
 
 *587
 
 343 Ill., 73, 174 N. E., 846;
 
 Cusick’s Case,
 
 260 Mass., 421, 157 N. E., 596;
 
 Grieb
 
 v.
 
 Hammerle,
 
 222 N. E., 382, 118 N. E., 805, 7 A. L. R., 1075;
 
 Barath
 
 v.
 
 Arnold Paint Co.,
 
 238 N. Y., 625, 144 N. E., 918;
 
 Mausert
 
 v.
 
 Albany Builders Supply Co.,
 
 250 N. Y., 21, 164 N. E., 729;
 
 Connelly
 
 v.
 
 Samaritan Hospital,
 
 259 N. Y., 137, 181 N. E., 76.
 

 A searching investigation has been made to find authorities which involve a workman who falls on the level upon a concrete floor, a sidewalk, or the ground by reason of dizziness or lapse of consciousness, and as a result of the fall suffers a concussion of the brain' or other injury. Only six cases have been found bearing directly upon such a state of facts. It is generally held that a person suffering injury in that way in the course of his employment is entitled to compensation.
 
 Savage
 
 v.
 
 St. Aeden’s Church,
 
 122 Conn., 343, 189 A., 599;
 
 A. C. Lawrence Leather Co.
 
 v.
 
 Barnhill,
 
 249 Ky., 437, 61 S. W. (2d), 1;
 
 Hall
 
 v.
 
 Doremus,
 
 114 N. J. Law, 47,175 A., 369;
 
 New Amsterdam Casualty Co.
 
 v.
 
 Hoage, Deputy Commr.,
 
 62 F. (2d), 468;
 
 Wright & Grieg, Ltd.,
 
 v.
 
 M’Kendry,
 
 11 Butterworth’s Workmen’s Compensation Cases, 402, 56 S. L. R., 39.
 

 Only one case has been found to the contrary, namely, A
 
 ndrews
 
 v.
 
 L. & S. Amusement Corp.,
 
 253 N. Y., 97, 170 N. E., 506. In the latter case there is a vigorous and convincing dissent by O’Brien,
 
 J.,
 
 concurred in by Cardozo, C. J. In our judgment the weight of authority supports the right of the appellant herein to compensation, and we are convinced that the trend of judicial authority is definite to the end that instances where injury or death is suffered by such a fall on a concrete floor are not to be distinguished from those where injury or death is suffered from a fall upon a machine or other object.