31606. UNITED STATES CASUALTY COMPANY *et al. v.*
RICHARDSON.

DECIDED JUNE 12, 1947. ADHERED TO ON REHEARING JULY 23, 1947.

*Powell, Goldstein, Frazer & Murphy, C. Baxter Jones, J. R. Terrell Jr.,* for plaintiffs in error.

*Wyatt & Morgan,* contra.

GARDNER, J. ■ It is admitted by the employer that the accident occurred in the course of the employment, but it is contended that it is not compensable for the reason that it did not grow out of the employment. To state it differently, it is contended by the employer that the claimant received his injury from the epileptoid condition or attack and that there is no evidence that the accident arose out of the employment. It is contended that there is no causal connection between the accident and the employment. This contention is based on the principle that the evidence fails to show that the epileptic attack was caused by exertion peculiar to the employment proximate enough in time to be a contributing proximate cause of the attack. It is contended in this connection by the employer that the only competent evidence of excessive exertion was stair climbing. The physicians who testified in the case were asked a hypothetical question based upon undisputed evidence. This hypothetical question was in substance: "If a man works all day as a salesman, that is, from 8:30 a. m. until 6:30 p. m., waiting on customers, standing on his feet all day, making several trips up flights of stairs and trips down stairs to the basement, and this man was subject to epileptoid attacks, would it be probable that such exertion and strain would be likely to bring on an attack?" All of the physicians answered in the affirmative. On cross-examination, the physicians further testified that one suffering from an epileptoid condition might have an epileptic attack without any excessive exertion. And also that excessive exertion would not necessarily bring on, in every instance, an epileptic attack. We do not think that the argument of counsel for the employer to the effect that the only evidence of excessive exertion was stair climbing is correct. It is true that there is no evidence as to just what time of the day the claimant climbed the stairs nor how long after the last climbing the physical seizure occurred. But in dealing with the hypo-

thetical question propounded to the physicians, it was the duty of the director to consider the whole of the evidence embraced within the question. From this viewpoint, we are inclined to the view that the director was authorized to find that the epileptic attack was brought on by the excessive exertion of the claimant peculiar to his condition and peculiar to the employment, and that therefore the accident arose out of the employment. The cases in this State have established little, if any, limitation on the type of causes which may be concurrent with the contributing cause of exertion. It is established that an accident, under the act, may result from the contributing proximate cause of exertion in the course of employment, plus such other contributing proximate causes as: (a) an act of God, being heat of the sun. *Fidelity Guaranty &c. Co.* v. *Adams,* 70 *Ga. App.* 297 (28 S. E. 2d, 79). Or (b) a weakened condition of the employee being caused by previous self-medication. *Bibb Manufacturing Co.* v. *Alford,* 51 *Ga. App.* 237 (179 S. E. 912); (c) a diseased condition of the employee caused by arteriosclerosis or high blood pressure. *Griggs* v. *Lumbermen's Mutual Casualty Co.,* 61 *Ga. App.* 448 (6 S. E. 2d, 180); *Lumbermen's Mutual Casualty Co.* v. *Griggs,* 190 *Ga.* 277 (9 S. E. 2d, 84); *Williams* v. *Maryland Casualty Co.,* 67 *Ga. App.* 649 (21 S. E. 2d, 478). There would seem to be no difference between an epileptoid condition of an employee and that of one suffering from arteriosclerosis.

Counsel for the employer earnestly argue that the evidence in the instant case fails to show that any immediate excessive physical exertion was the contributing proximate cause of the injury, and in support of this contention cite *Fidelity & Casualty Co.* v. *Adams, Bibb Manufacturing Co.* v. *Alford,* and *Griggs* v. *Lumbermen's Casualty Co.,* supra. We do not understand that the decisions in those cases base the last or immediate act of the claimant as being indicative of the excessive exertion, but to the contrary, the whole of the activities specified in each of the cases was evidentiary of the excessive exertion. So also must we take into consideration that the approximately ten-hours exertion of the claimant in standing on his feet, making sales and going up and down stairs, and other acts and circumstances embraced within the scope of the hypothetical question, was exertion and not any particular act. In the Workmen's Compensation Act we do not

find the word "immediately" used except in the Code, § 114-412, dealing with hernia. Under that section in the fourth requisite for a compensatory hernia resulting from accident, the law provides that the hernia resulting from accident, must follow the accident immediately. For a discussion of the word "immediately" as used in this section, see *Liberty Mutual Ins. Co.* v. *Blackshear,* 197 *Ga.* 334 (28 S. E. 2d, 860). From this viewpoint we think the award is based upon sufficient evidence to sustain it.

■ We come next to consider whether or not the award is legally sustainable irrespective of whether excessive exertion brought about the epileptic attack. The seizure of the claimant caused him to fall on the sharp corner of the table which caused the skull fracture and the injury to his brain. This table with a sharp corner was a hazard of the employment to which the claimant was subjected. Horovitz on Workmen's Compensation, p. 145, deals clearly with the question before us. "Where the cause of the fall is personal to the worker (as a non-industrial heart attack, dizzy or epileptic spells, or any idiopathic condition) the fact that the floor is of rough cement instead of wood and hence more dangerous, is no ground for an award in Massachusetts. [Citing Cinmino's Case, 251 Mass. 158 (1925)]. But awards are upheld there and in most States, if the fall is on a stairway or into a machine or against anything except the bare floor, and especially if the fall is from a height, as the risk of injury is increased, or is a 'special danger of the employment.' " The author cites a number of decisions to sustain his statement. One of the last cases under the Workmen's Compensation Act which has come to our attention analogous to the facts in the instant case, is that of *Rewis* v. *New York Life Ins. Co.,* 226 N. C. 325 (38 S. E. 2d, 97). In that case an employee was on the eleventh floor, went into a washroom where he had an attack of faintness from "idiopathic ulcerated colitis which had plagued him for several years." In an effort to get some fresh air he went to an open window, from there he fell to his death on the roof of an adjoining building. The court held that the employee sustained an accidental injury arising out of and in the course of his employment. The North Carolina court citing with approval *Rockfort Hotel Company* v. *Industrial Commission,* 300 Ill. 87 (132 N. E. 759, 19 A. L. R. 80), said: "In the case last cited a workman, while in the discharge of his

regular duties, was seized with an epileptic fit and fell into an ash pit, where hot cinders had been thrown as he removed them from a furnace, and he was burned to death. It was held in conformity with the findings of the Industrial Commission that the workman did not die from epilepsy or pre-existing disease, but from the burns he received when he fell into the pit, the court saying: 'some cases hold that, where an employee is seized with a fit and falls to his death, the employer is not liable, because the injury did not arise out of the employment (citing authorities); but a majority of the courts, American and English, hold, that, if the injury was due to the fall, the employer is liable, even though the fall was caused by a pre-existing idiopathic condition.' This view is supported by decisions in a number of jurisdictions. Gonier v. Chase Companies (Chase Metal Works), 97 Conn. 46, 115 A. 677, 19 A. L. R. 83 (painter while working fell to his death from scaffold when seized with attack of vertigo); Cusick's Case, 260 Mass. 421, 157 N. E. 596 (employee fell down flight of stairs in course of employment and sustained fatal injuries—fall occurred during attack of epilepsy); Barath v. Arnold Paint Company, 238 N. Y. 625, 144 N. E. 918 (workman in course of employment fell from scaffold to his death following an epileptic stroke); Wicks v. Dowell Company, 2 K. B. 225, 2 Ann. Cas. 732 (workman while unloading coal from ship was seized with epileptic fit and fell down hatchway near which he was required to stand); and additional cases which may be found of similar import. See Ætna Life Insurance Company v. Industrial Commission, 81 Colo. 233, 254, p. 995."

While it is true that the State Board of Workmen's Compensation based its award on the principles discussed in the first division of our opinion, nevertheless we think the award is right under the principle discussed in this, the second division of our opinion. "If the judgment is right, it should be sustained, though the reasons given for the judgment may be erroneous." *Hill* v. *Rivers*, 200 *Ga.* 354 (37 S. E. 2d, 386). In making this last statement we do not mean to infer that the award is not sustainable for the reasons we have given in the first division of our opinion. We simply mean to say that it is sustainable under either the first or the second division of the opinion.

3. The motion to dismiss the bill of exceptions as being too general, is denied. The motion to assess damages for delay is likewise denied.

The court did not err in affirming the award of the State Board of Workmen's Compensation for any of the reasons assigned.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*

### ON REHEARING.

In the brief and argument on rehearing it is earnestly urged on behalf of the employer that the court overlooked controlling decisions as authority which would require a different judgment from the one rendered. In dealing with division 1 of the opinion counsel for the employer insist that the court overlooked the case of *Ætna Casualty &c. Co.* v. *Chandler,* 61 *Ga. App.* 311 (6 S. E. 2d, 142). This is the only Georgia case cited by counsel on rehearing. We have read this case carefully. Under the facts of the *Chandler* case and the opinion therein, we find no conflict in the opinion in the instant case under its facts. The burden of the argument for the employer seems to be that the affirmative answer to the hypothetical question in the instant case to the effect, "Would it be probable that such exertion and strain would be likely to bring on an attack?" was not sufficient. We are still of the opinion that this was sufficient expert testimony on which to base the award of the director. Neither are we shaken in our view by the foreign decisions cited by the employer, to wit: Freedom Oil Works Company *v.* Beaver County, 298 Pa. 174 (148 Atl. 67, 68 A. L. R. 600); Tabuteau *v.* London Guarantee &c. Co., 351 Pa. 183 (40 Atl. 2d, 396); Ehrhardt *v.* Conn. Fire Ins. Co., 219 Ill. App. 48. In reading these foreign decisions, we do not find any material conflict as between them and our original opinion. In this connection we feel that our own court has spoken more clearly and emphatically on the question in the instant case as made by the evidence. We find in the case of *Hall* v. *General Accident Assurance Corp.,* 16 *Ga. App.* 66 (85 S. E. 600), the following: "The question of proximate cause is one of fact, for determination by a jury; and in the present case the evidence in behalf of the plaintiff authorized the conclusion that, though the insured might have died within a short time even if he had not received the injury in question, he would probably have lived for a considerable period of time, and would not have died at the time he did if he

had not received the injury. The opinion evidence of an expert witness is not conclusive, and is not entitled to more probative value than the jury may think it has; and especially is this true when the opinion announced by the witness is coextensive with the entire scope of the jury's investigation, and is absolutely decisive of the only issue to be determined by the jury. Upon the evidence adduced, the plaintiff was entitled to have the court submit to the jury the issue of fact as to whether the accidental injury or a pre-existing ailment was the proximate cause of the death of the insured, with an instruction that to entitle the plaintiff to recover the jury must be satisfied that the alleged injury was the proximate cause of the death. Whether the injury was the proximate cause was purely a question of fact, for it involved a determination, upon evidence, of the relations between the alleged causes and effects, and nothing more; and not only might the jury have found that one of the causes was a mere condition, but when two or more causes may have contributed to an injury, and there is doubt, or the facts are of such a character that equally prudent persons would draw different conclusions, as to which of the contributing causes was the efficient, dominant and proximate cause, the question should be submitted to the jury." The court further, in discussing the evidence (page 72) said: "In the view most strongly favorable to the defendant, the testimony showed that Judge Hall's tenure of life was more than ordinarily uncertain, but it did not show that he would have died when he did if he had not fallen, for on the contrary, there was evidence that the fall, by aggravating the complaint from which he was suffering probably hastened his death." And on page 77 of the same opinion, the court, dealing with the question of probability in cases in the nature of the one before us now, said: "The ascertainment of the proximate cause of death is the real object to be attained in every such case as that before us now. Lawyers, judges and psychologists have groped for centuries and settled on nothing more definite than proximate cause. To say absolutely that a death resulted solely and exclusively from an injury is to say that it would not have resulted without the injury, and this can never be said except as a matter of mere probability. 'The days of our years are numbered, but it is reserved to the Infinite Great Cause alone to know the number.'" The nature of expert testimony

by doctors is treated in 20 Am. Jur. p. 730, § 867, under the heading of "cause of death, disease or injury." This authority states: "In all cases where the cause of death, disease, or injury is not one of common observation or knowledge, physicians and surgeons—medical experts—who, because of their peculiar knowledge and skill are competent to reach an intelligent conclusion upon the question may give opinion testimony, derived from their own observation of the person whose condition is in question or from scientific deductions from given facts, as to the probable cause of the disease or injury in question and the probable or possible cause of death, provided there are sufficient facts in evidence upon which to base the conclusion." And in the same volume, page 733, under the heading "nature and form of opinion that may be expressed" it is stated: "With regard to the nature of the opinion that may be rendered by an expert testifying to the causation of injury or death, there is some diversity of opinion. The general rule is that a medical expert may express an indirect opinion as to the cause of injury or death. Such witnesses have been permitted to state what in their opinions was the 'possible,' 'probable,' or 'likely,' etc., cause of, or what 'might' or 'could' have caused, a particular physical condition. An opinion so expressed is not too uncertain. It seems to be permissible for an expert witness to express his opinion that the injury in question was due to, or caused by, 'some such' external violence as that which the plaintiff suffered. Some courts have adopted the rule in medical cases that although an expert may express an opinion as to what 'could' or 'might' have caused a particular physical condition or sickness, where the actual cause is a disputed issue of fact, the ground being that in such case that question is the ultimate fact for the jury, as an expression of opinion thereof by an expert would be an invasion of the jury's domain." In this same volume, page 722, § 862, it is stated: "A very liberal practice is indulged in permitting opinion testimony of experts on matters in the field of medical practice. A duly qualified physician may state, upon the basis of facts set forth in proper hypothetical questions, the testimony given by other witnesses in the case which the expert heard,— that is, upon the facts proved at the trial,—or, more generally, the physician's own knowledge gained in the course of his professional attendance upon the person whose condition is in question,

or upon an examination of such person made to qualify the physician as a witness, his opinion as to the nature of the disease or disability from which a person is or was suffering, as to the facts or causes which probably produced or might have produced, such condition, as to how injuries or wounds were inflicted, as to whether a wound could have been self-inflicted, as to when and where a disease was contracted, as to the general effects of an ailment or injury—that is, the effect commonly produced upon the body and mind of a human being in the natural and ordinary course by disease or injury of a designated character, as to the probable continuance and future course of an existing disease or disability, as to the duration and permanency of or the reasonable probability of the ultimate recovery from injuries, as to what extent or how an injury will affect a person's ability to perform labor, and as to the probable or possible cause of death." Notwithstanding the brilliant and learned presentation of distinguished counsel for the employer, we are still of the opinion that division 1 of the opinion, under the facts of this case, is sound, based on the evidence and does not conflict with any other opinion in any of the decisions of our appellate courts.

On rehearing counsel for the employer contend that division 2 of our original opinion is in conflict with the decision in *Bibb Mfg. Company* v. *Alford,* 51 *Ga. App.* 237 (supra); *Burdick* v. *U. S. Fidelity & Guaranty Co.,* 54 *Ga. App.* 868 (188 S. E. 923), and *Ætna Casualty & Surety Co.* v. *Chandler,* supra. We have read these cases in the light of the motion for rehearing, and the argument on rehearing, as well as the briefs and argument of counsel thereon. We are of the opinion that on a careful reading of these cases cited in view of their facts as applied to the instant case under its facts, there appears no conflict. In our original opinion we had occasion to cite Horovitz on Workmen's Compensation, and to quote from a North Carolina case, as will be seen by reference to the original opinion. Within the citations it appears that certain decisions of the States of Illinois, Connecticut, Massachusetts, and Colorado, were brought into consideration. Counsel for the employer in their brief on rehearing seek to point out the differences in the wording of the statute on Workmen's Compensation in those States and the Workmen's Compensation Act in our own State. We concede that there is some distinction as to the

wording of the statute, but when we look to our own decisions for the construction of our statute, the application of the statutes is practically the same, notwithstanding the different wording. Counsel also call to our attention texts by H. B. Bradbury, A. B. Honnold, W. R. Schneider, D. H. Van Doren, and W. A. Willis, to point out the fact that Horovitz in his book is not in accord with other text writers. Be that as it may, and aside from either of them, as we have heretofore stated, we think that our appellate courts in the decisions cited in our original opinion, and those additional ones cited here, settle the question before us.

We therefore conclude that the original opinion should be and is adhered to.

*Judgment adhered to. MacIntyre, P. J., and Townsend, J., concur.*