Plaintiff acquired a painful shoulder condition, diagnosed as regional fibromyalgia, due to repetitive motion required by her job. Defendants admitted liability, and that the condition in her right shoulder was disabling, and were paying compensation for temporary total disability in December, 1992. On December 26, she was involved in a motor vehicle accident that exacerbated the condition in both shoulders. At that time, her treating physician felt that she was only weeks away from returning to her former employment. Her doctors believed that her absence from work after January 15, 1993 was due to the fibromyalgia condition resulting from the motor vehicle accident. There was evidence at the hearing that there was or might be permanent partial disability due to both causes, but no proof of the degree.
The compensation law analysis of such situations is often counterintuitive for those familiar with tort law and the basic precepts behind it. As Professor Arthur Larson commented in his premier treatise on workers' compensation law, "the `arising' test is a unique one, quite unrelated to common-law concepts of legal cause . . . ." Larson, "The Law of Workers' Compensation",
§ 1.20 (1994). Resort to rules and principles to resolve such questions is very helpful — once the problem has been correctly identified. Id., § 13.11. "The right to compensation benefits depends on one simple test: Was there a work-connected injury? . . . [T]he test is not the relation of an individual's personal quality (fault) to an event, but the relationship of an event to an employment. The essence of applying the test is not a matter of assessing blame, but of marking out boundaries." Id., at § 2.10. "As to the primary injury, . . . contributory negligence is ordinarily not an intervening cause preventing initial compensability. But when the question is whether compensability should be extended to a subsequent injury or aggravation related in some way to the primary injury, the rules that come into play are essentially based upon the concepts of `direct and natural results,' and of claimant's own conduct as an independent intervening cause." Id., at § 13.11. In this case, we do not reach any questions about plaintiff's own conduct, because neither the motor vehicle accident itself, nor the effect of the injuries it caused were work-related, i.e., they did not arise out of the employment or result as a direct and natural consequence of the work-related injury. Professor Larson illustrates his point quoted above by citing the results of a benchmark West Virginia Supreme Court decision wherein a claimant who had returned to work after a back injury, though he continued to suffer from back pain by working, suffered a recurrence of back problems while playing with his child on Christmas day — a "routine event which triggered . . . recurrence" of the old injury (and not considered reckless "in light of his condition") — but also found that "reopening [for additional benefits] was inappropriate for a claimant's whose recurrence of disability was due to an intervening auto accident . . . ." Id., § 13.11, ft.nt. 1.1 (See also, Id., §§ 13.11 (a), ft.nt. 6, Glades County Sugar Growers v.Gonzales, 388 So.2d 333 (Fla.App. 1980); 13.11 (d), ft.nt. 30.1, Guidry v. J R Eads Const. Co., 11 Ark. App. 219,669 S.W.2d 483 (1984).) This is not a case where a compensable injury exacerbated by routine activity (see, e.g., Heatherly v. MontgomeryComponents, Inc., 71 N.C. App. 377, 323 S.E.2d 29 (1984),review denied, 313 N.C. App. 329, 327 S.E.2d 890 (1985)), or where the plaintiff was susceptible to greater injury because of the compensable condition (Starr v. Charlotte Paper Co., 8 N.C. App. 604,175 S.E.2d 342 (1970)), or where the workplace environment increased an injury from a non-work-related cause (Rewis v. New York Life Insurance Co., 226 N.C. 325,38 S.E.2d 97 (1946)), or where the second injury occurred while traveling to, or receiving, medical treatment (see Malone v. KlaussenerFurniture, I.C. No. 370898, 1 September 1994, and Bryant v.Dougherty, 267 N.C. 545, 549, 148 S.E.2d 548 (1966); Larson,at § 13.13), or where the compensable injury has made plaintiff more susceptible to having a new accident (Mayo v. City ofWashington, 51 N.C. App. 402, 276 S.E.2d (1981)).
Consequently, I CONCUR.
 S/ ___________________________ J. RANDOLPH WARD COMMISSIONER
JRW/md